ISABELLA W. WILLIAMS, Administratrix, etc., Appellant, *v.*
DANIEL SLOTE et al., Respondents.

(Argued May 30, 1877; decided June 12, 1877.)

THE complaint in this action alleged, in substance, that John D. Williams, plaintiff's intestate, was the owner and inventor of certain improvements in copy-books and a system of penmanship, and also the designer, owner, and inventor of certain charts, copy-books, and "other publications," connected with the said enterprise. That said Williams and one Packard, in 1868, entered into a written agreement with defendants, by which defendants agreed to print, publish, introduce, advertise, and sell all of said copy-books, charts, and other publications connected with the enterprise, and to pay Williams and Packard a certain percentage on sales. That Packard sold out his interest to Williams. That defendants rendered to plaintiff what purported to be semi-annual accounts of the number of such books and other publications printed and sold by them under said agreement; and plaintiff, believing the same to be correct, received from defendants the sums of money set forth in said accounts as due him. That said accounts were in fact false and fraudulent, defendants having sold a much larger quantity than reported. That after discovery of the fraud, plaintiff demanded of defendants a full and fair account and settlement, with which they refused to comply. Plaintiff asked for an accounting, and that defendants be

adjudged to pay her such sum as shall be found due her thereon, and for such other and further relief, etc.

Defendants answered denying the alleged fraud. The cause was, without objection, referred, on the ground that it would require the examination of a long account, and was tried before a referee. The referee found that the accounts rendered by defendants were true and correct, and upon that ground dismissed the complaint. The General Term affirmed the judgment, on the sole ground that the cause of action stated in the complaint was an equitable one, whereas the cause of action proved was a legal one, and hence that the complaint was properly dismissed. *Held*, that the ground upon which the General Term based its decision was untenable; that whether the cause of action was legal or equitable, the defense to it and the mode of trial was the same, and in case plaintiff succeeded, the relief would be the same—*i. e.*, a judgment for money; and that, in such case it would be erroneous for a referee, even upon objection made upon trial, to dismiss the complaint on trial, because the cause of action was legal rather than equitable, or *vice versa;* much less could the objection be taken for the first time in an appellate court, where the cause was tried without objection and decided upon its merits. But, *held*, that the cause of action which plaintiff's evidence tended to prove did not differ in its scope and nature from that set forth in the complaint; that the relations of the parties were created and regulated by the agreement, and whether those relations were such as to entitle plaintiff to legal or equitable relief, they appeared in both the complaint and proofs. Also, that the cause of action alleged was a legal one, there being no allegation of partnership or of a fiduciary relation which would authorize equitable relief (*Salter* v. *Ham*, 31 N. Y., 321; *Arnold* v. *Angell*, 62 id., 508) ; that upon the facts alleged, plaintiff would be entitled to a judgment for money only, the trial involving an accounting, which is an ordinary incident of an action at law; that the fact that the prayer for relief was appropriate to an equity action was not conclusive, as to the character of the action. (Code, § 275.)

It appeared on the trial that after making the agreement,

Williams designed and furnished to defendants certain testimonials of merit and rolls of honor, which defendants engraved, published, and sold at a profit. Defendants rendered no account for these sales, and had paid plaintiff nothing on account thereof. After these facts had appeared on the trial, Packard, as a witness for plaintiff, was asked whether these testimonials and rolls of honor were connected in any way with the copy-books, or were a part of the general enterprise. This was objected to, and objection sustained. *Held*, error; that whether these formed part of the enterprise and came under the head of " other publications," could not be determined by the agreement, but was a question of fact to be determined by evidence *aliunde*, and that the evidence offered was competent.

*William A. Beach*, for appellant.

*John S. Woodward*, for respondents.

EARL, J., reads for reversal and new trial.
All concur, except RAPALLO, J., absent.
Judgment reversed.