ALEX. BLACKWELL, Adm'r, v. THE LYNCHBURG AND DURHAM RAILROAD COMPANY et al.

*Removal of Causes to the United States Circuit Court— Citizens— Residents—Petition—Effect of Allegation not Required by the Statute—Land—Prejudice—State Courts.*

1. In order to give a party to an action commenced in the State Courts a right of removal to the United States Circuit Court, it must distinctly appear by positive averments that the parties are *citizens* of different States, and were at the commencement of the action. Such allegations as to *residence* are not sufficient.

2. An allegation in the petition for such removal, that the party making it believes that, from local prejudice, they will not be able to obtain justice in the State Courts, has no pertinency or force in this application.

This was a Motion to remove a cause to the United States Circuit Court, heard upon petition, by *Armfield, J.,* at the April Term, 1890, of PERSON Superior Court.

At the appearance term, after the plaintiff had filed his complaint, the defendants filed their petition, whereof the following is a copy:

"The petition of E. S. Moorman, C. R. Moorman and M. N. Moorman respectfully shows that they are members of the firm of E. S. Moorman & Co., defendants in this action, and that they are non-residents of the State and residents of

Lynchburg, in the State of Virginia, and the amount sued for in this action is fifteen thousand dollars, and the plaintiff is a resident of the State of North Carolina, and that M. N. Moorman makes this affidavit for himself and his said co-defendants, partners of E. S. Moorman & Co.; that he has reason to believe, and does believe, that from local influence they will not be able to obtain justice in the State Courts, and this suit can be wholly determined between the plaintiff and these defendants, and avers that they only are actually interested in this controversy. Wherefore, the said defendants ask that this suit be removed to the Circuit Court of the United States next to be held for the Western District of North Carolina, at Greensboro, on the second Monday of October, 1890, and they have filed the bond required by law for such removal."

The petition was signed by the parties, and sworn. Thereupon, the Court made an order, of which the following is a copy:

"Upon the application made by the defendants E. S. Moorman & Co. for the removal of this cause into the Circuit Court of the United States upon the grounds stated, the said motion is refused."

The defendants excepted, and appealed to this Court, assigning as grounds of their exception, "that under the act of Congress, approved March 3d, 1887, they were entitled to such removal, and that, in fact, at the time the motion was made there was no controversy pending except between the plaintiff and these defendants. That having complied with the act of Congress by filing the affidavit and bond required, these defendants, as a matter of law, had a right to such removal."

*Mr. June Parker*, for plaintiff.
*Mr. J. W. Graham*, for defendants.

MERRIMON, C. J.—after stating the facts: The alleged ground of the application for the removal of this action into the Circuit Court of the United States, as allowed by the statute (25 U. S. Stats. at Large, ch. 866, § 23), is that the plaintiff is a citizen of this State and the defendants are citizens of the State of Virginia. To give the Circuit Court jurisdiction in cases where it depends upon the citizenship of the parties, as in this case, such citizenship must distinctly appear from positive averments in the pleadings, or affirmatively, and with equal clearness, in other parts of the record, and to have existed at the time the action began. And so, where cases are removed from a State Court, such citizenship must likewise clearly appear from the petition for removal, or elsewhere in the record, and that the same existed at the time of the commencement of the action, as well as when the application for removal was made. Otherwise, the Circuit Court could not have jurisdiction, and the action would be remanded to the State Court, there to be disposed of according to law. This is clearly settled by many decisions of the Supreme Court of the United States, and they are authoritative. *Gibson* v. *Bruce*, 108 U. S. R., 501; *Railway* v. *Snow*, 111 U. S. R., 379; *Cuhose* v. *Railway*, 131 U. S. R., 240; *Stevens* v. *Nubals*, 130 U. S. R., 230; *Jackson* v. *Allen*, 132 U. S. R., 27.

The diverse citizenship of the parties at the time the action began is not alleged in the petition, nor does it at all appear in any part of the record. It is essential that it should so appear. The motion was, therefore, properly denied.

The allegation in the petition that the defendants "believe that, from local prejudice, they will not be able to obtain justice in the State Courts," &c., has no pertinency or force in this application. Applications to remove actions for that

cause should be made in the appropriate Circuit Court of the United States.    25 U. S. Stats. at Large, ch. 866, § 2.

There is no error.    Let this opinion be certified to the Superior Court according to law.

It is so ordered.                                          No error.