## VON HOFFMAN *v.* KENDALL.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

1. TRESPASS—ACTION FOR TREBLE DAMAGES—COMPLAINT.

A complaint which avers a willful entry upon plaintiff's land, and cutting trees therefrom, thereby lessening the value of the land a certain amount, and claims treble damages, under Pen. Code, § 654, allowing such damages in an action for willful injury to real property, is sufficient, upon demurrer; if treble damages are improperly claimed, plaintiff, upon proper proof, may recover single damages.

2. SAME—EFFECT OF ACQUITTAL ON CRIMINAL PROSECUTION.

An acquittal on a criminal prosecution for willfully cutting trees from plaintiff's land, brought under Pen. Code, § 654, providing that a person who willfully destroys or injures real property of another may be punished, etc., and that, in addition, the owner of the property may recover treble damages, is not a defense to an action to recover such damages.

Appeal from special term, Richmond county.

Action by Athenais Von Hoffman against George H. Kendall to recover treble damages, under Pen. Code, § 654, for cutting trees from plaintiff's land. Defendant appeals from a judgment sustaining a demurrer to an affirmative defense in the answer. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Rudd, Hunt & Wilder,* (*William R. Wilder* and *Sidney F. Rawson,* of counsel,) for appellant. *James W. Monk,* for respondent.

BARNARD, P. J. The facts set forth in the complaint make a good cause of action for trespass upon the lands of plaintiff. The averment is that the defendant unlawfully and willfully entered upon the lands of the plaintiff, and unlawfully and willfully cut down trees growing upon the land, thereby lessening the value of the land $500. Even if the demand for judgment improperly claimed treble damages, the plaintiff would be entitled to recover single damages, if the facts proven on the trial were sufficient to call for single damages, and no more. *Emery* v. *Pease,* 20 N. Y. 62. The statute which gave the right to treble damages expressly provided that, under certain proof, only single damages should be recovered. 1 Rev. Laws, 526; 2 Rev. St. (2d Ed.) p. 261, § 29; Code Civil Proc. §§ 1667, 1668. It may be questioned whether section 654, Pen. Code, applies to the case. Section 640 makes the offense and fixes the punishment, and section 654 applies to offenses where punishment is not fixed by statute. The discussion of the question is wholly unnecessary. *Wright* v. *Wright,* 54 N. Y. 437; *Williams* v. *Slote,* 70 N. Y. 601; *Wetmore* v. *Porter,* 92 N. Y. 76. The acquittal upon the criminal charge is neither a defense to the single or treble damages. The people were the party, and the verdict only bound the people as final. It follows that, even if the criminal prosecution under section 654, Pen. Code, had failed, the right to damages remained. The demurrer of plaintiff to the second defense, alleging such an acquittal, was properly sustained. Judgment sustaining demurrer to part of answer affirmed, with costs. All concur.