ELIZABETH PLUMMER, Respondent, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, March 7, 1892.**

1. **Contributory Negligence:** NEGLIGENCE V. RECKLESSNESS AND HEEDLESSNESS. An instruction, informing the jury that unless plaintiff acted recklessly or heedlessly in walking upon the sidewalk, etc., that is, not with care and prudence, etc., that would have been exercised by an ordinarily prudent person, then the jury could not find a verdict for defendant on the ground of plaintiff's negligence, is error.

2. **Definitions:** RECKLESSNESS. Recklessness sometimes includes carelessness, but it is much more than carelessness; it implies wilfulness, and, when applied to characterize an act done to another person, it is wantonness, and, instead of being the want of ordinary, it is the want of any, care.

3. **Contributory Negligence:** COULD V. WOULD. In an instruction (set out in appellant's brief), it is better to use "could" than "would."

*Appeal from the Jackson Circuit Court.* — HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*F. F. Rozzelle* and *W. S. Cowherd,* for appellant.

(1) Acting recklessly or heedlessly means acting without any care at all, as the composition of these words would indicate, the suffix less meaning without. Hence reckless means rashly or indifferently negligent; and heedless, without care or heed. See Webster's Dictionary, *sub nomine,* recklessness and heedless; also, Anderson's Law Dictionary, title, wantonness, with which last word recklessness is said to be synonymous. (2) There are three kinds of care, as recognized by the law in this state and in other states; namely, great care, ordinary care and slight care. If

plaintiff acted with great care, then defendant was liable under the circumstances ; if she acted with ordinary care, defendant was also liable ; but, if she acted with slight care, defendant was not liable. ( 3 ) The attempt to define the meaning of recklessly or heedlessly by qualifying them with the phrase, " that is, not with the care and prudence for her physical safety that would have been exercised by an ordinarily prudent person under similar circumstances," does not rectify the mistake made in the use of these words. ( 4 ) The action of the court in erasing a portion of instruction, numbered 17, and inserting other words rendered the instruction misleading and erroneous. The instruction, as offered by defendant was as follows: "17. The court instructs the jury that if you believe from the evidence that the sidewalk in question at the point complained of was in a defective and dangerous condition, and that the plaintiff knew that the same was defective and dangerous, and she could have avoided stepping on said defective and dangerous parts of said walks by the use of ordinary care, then it was her duty so to do ; and if she failed to do this, and was injured by reason thereof, your verdict will be for the city." The court modified this injunction by erasing the italicized words, and inserting in lieu of the word " could" the word "would." *Buesching v. Gaslight Co.,* 73 Mo. 233.

*Henry Wollman*, for respondent.

The instruction so fully defines the meaning of the words and gives such a thorough and complete definition of their meaning that no jury could have been misled. In further discussing this instruction, the counsel for the appellant says that in this state there are three kinds of care. This is an incorrect statement of the law. *Hurt v. Railroad*, 94 Mo. 255.

ELLISON, J.—Plaintiff was injured on one of the defendant's sidewalks and recovered judgment in the

trial court. Defendant appeals. Defendant pleaded contributory negligence, and it is of the treatment of this part of the case that complaint is now made. All we care to notice is instruction, numbered 2, given for plaintiff. It is as follows: "2. Unless the jury are reasonably satisfied from the evidence that plaintiff acted recklessly or heedlessly in walking upon the sidewalk at the point in question; that is, not with the care and prudence for her physical safety that would have been exercised by an ordinarily prudent person under similar circumstances, then the jury cannot find a verdict for the defendant on the ground of plaintiff's negligence alleged by the defendant."

This instruction should not have been given. By it the jury are told that, unless plaintiff acted recklessly or heedlessly in going over that part of the walk where she was injured, they must find for her. In other words that, unless she was reckless or heedless, she must recover. The use of these words, especially the former, was altogether out of place. Recklessness sometimes includes carelessness, but it is much more than carelessness, it implies wilfulness, and when applied to characterize an act done to another person it is wantonness. To be reckless is to be utterly regardless of consequences. *LaFayette, etc., Ry. Co. v. Adams*, 26 Ind. 76; *State v. Bridgman*, 94 N. C. 888. Recklessness, instead of being merely the want of ordinary care, is more nearly the want of *any* care. And so it is understood in common speech. "Reckless" is defined in the "Century Dictionary" as: "Not recking of consequences, desperately heedless, as from folly, passion or perversity, impetuosity, or rashly adventurous.

"'I am one, my liege, whom the vile blows and buffets of the world have so incensed that I am reckless what I do to spite the world. Shak. McB., III.–I.–110.'"

But the instruction is defended by plaintiff's counsel on the ground that it defines what was meant by the

use of the objectionable words. But it would not be justice to defendant to allow this. Those words were inserted in the instruction for operative effect, and it is reasonable to suppose they had the effect intended. They characterize, and must have been intended to characterize, "the care and prudence" afterwards stated. They gave to the instruction a direction and color not warranted by the law.

In regard to the criticism made on instruction, numbered 17, refused for defendant, it would, perhaps, in view of what was said in *Buesching v. Gaslight Co.*, 73 Mo. 233, have been better not to have substituted the word "would" for "could," though in its practical application to the mind of the jury as applied to the case, we scarcely see what difference could be made in arriving at a verdict, by the use of either.

The judgment is reversed and cause remanded. All concur.