H. T. RUMBOUGH v. SOUTHERN IMPROVEMENT COMPANY.

*Corporations—Power of Officer to Bind—Declaration of One
Officer as to Authority of Another—Evidence.*

1. Officers of a corporation, from the highest to the lowest, are only the
   agents thereof, and their acts and contracts are binding on their
   principal only when within the scope of their authority, express
   or implied.

2. The scope of the authority of one officer of a corporation, as to a past
   transaction at least, cannot be proved by the unsworn declarations
   of another officer or agent; therefore

3. In an action on a draft drawn by and on agent of a corporation and
   accepted by him in the name of the corporation, the declarations
   of the president, made after the alleged acceptance, were inad-
   missible to show the agent's authority to bind the company.

4. Evidence of the contents of a letter to prove a contract is inadmissible
   when the letter itself is not produced nor its loss satisfactorily
   accounted for.

CIVIL ACTION, heard before *Hoke, J.*, and a jury at Spring
Term, 1892, of MADISON Superior Court.

The same case upon a former appeal is reported in 109
N. C., 703, and the facts pertinent to this appeal sufficiently
appear in the opinion of Associate Justice BURWELL.

One of the issues submitted to the jury by the Court was
as follows: Was W. E. Watkins authorized to draw and

accept said bill of exchange for the defendant company? There was verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Messrs. W. W. Jones* and *H. T. Rumbough,* for plaintiff.
*Messrs. J. M. Gudger, T. F. Davidson, C. M. Busbee* and *F. A. Sondley,* for defendant.

BURWELL, J.: The plaintiff's action is founded upon a draft drawn in his favor by W. E. Watkins for the sum of $950 and accepted by said Watkins in the name of the defendant corporation. It was necessary to the establishment of his claim that plaintiff should prove that Watkins had authority to bind the defendant in this manner. In his effort to do this he was allowed on the trial, notwithstanding the objection of defendant, to introduce the declarations of the president and general manager of defendant company, made after the alleged acceptance, to the effect that Watkins had authority so to contract for the defendant. This was not proper. *Smith & Melton* v. *Railroad,* 68 N. C., 107. It is there said that "the power to make declarations or admissions in behalf of a company as to events or defaults that have occurred and are past cannot be inferred as incidental to the duties of a general agent to superintend the current dealings and business of the company. No such power is expressly given by the by-laws of defendant company, and a general power so unusual and so unnecessary in the ordinary business of a company must require a clear and distinct grant." In that case the declaration offered was that of the superintendent, who "had authority from the president and directors of the road to arrange and alter the tariff of freights, and generally to make all other contracts with shippers over the road," and the controversy was in relation to a con-

tract for the shipment of freight. Here, it is true, the declarations introduced were those of the president. But the name of the officer cannot change the rule. It is a question not of name but of authority. Officers of corporations, from the highest to the lowest, are only the agents of such corporations. What acts they perform and what contracts they make for their principals are binding if within the scope of their particular authority, express or implied. But the scope of the authority of one officer or agent, as to a past transaction at least, cannot be proved by the unsworn declaration of another officer or agent. The objection to the admissibility of such testimony is obvious.

It appears from the statement of the case on appeal that some of the declarations of the president of defendant company, as to the authority of Watkins to accept this draft, as we understand the record, were contained in a letter written by him, and the objection was made that the contents of the letter should not be spoken of, because it was not produced, nor was its non-production properly accounted for.

If the contents of this letter were relied on by plaintiff merely as a declaration by the president that Watkins had authority to accept the draft, they were incompetent whether the letter was produced or not, for the reasons above stated.

If its contents were to be used as proof of a contract on the part of the company that it would acknowledge and pay the draft, then it was very clearly improper to allow the witness to speak of the contents, the letter not being produced, unless its loss was accounted for according to the rules of law, for, in that view of the matter, this was to allow parol testimony to establish what was contained in a written agreement without first proving that the writing was lost or destroyed.

48—Vol. 112

Inasmuch as the defendant is entitled to a new trial for the error above pointed out, we do not deem it necessary to consider any other of the numerous exceptions taken by its counsel.                                New Trial.