C. G. EGERTON & SON v. WILMINGTON AND WELDON RAIL-ROAD COMPANY.

*Evidence—Duplicate Bills of Lading—Declarations of Agent.*

1. The declarations of an agent as to a past transaction are not evidence against his principal.

2. Copies of bills of lading made by an agent of a railroad company from the stub books from which the originals were issued, sometime after the originals were issued, are, in effect, nothing more than the declarations of that agent as to the fact stated on the same, and, hence, are not admissible in evidence in an action against his principal.

This was a CIVIL ACTION, tried before *Bynum, J.,* and a jury, at February Term, 1894, of WILSON Superior Court.

The plaintiffs claimed that they had delivered to the defendant at Kenly, N. C., on December 7, 1891, for shipment to Cobb Bros. & Gillam, of Norfolk, Va., ten bales of cotton, and that the defendant had failed to deliver the same to Cobb Bros. & Gillam, and that they had delivered to the defendant at Kenly, on December 15, 1891, fourteen bales of cotton for shipment to Cobb Bros. & Gillam, at Norfolk, Va., and that only seven bales of said last named shipment had been delivered by the defendant to said Cobb Bros. & Gillam.

The plaintiffs contended that during the season beginning December 7, 1891, and ending sometime prior to January 4, 1892, they had delivered to the defendant at Kenly for shipment to Cobb Bros. & Gillam, a total of sixty-seven bales of cotton, only fifty bales of which had been delivered to said Cobb Bros. & Gillam: The defendant admitted the shipment of fifty bales shipped to said Cobb Bros. & Gillam, of which it alleged that seven of the bales shipped on the 15th day of December, 1891, were a part. The defendant denied the delivery to it of the ten bales, alleged to have been delivered on December 7, and denied that fourteen bales were delivered to it for shipment on December 15, alleging that only seven bales were delivered to it for shipment on the said 15th day of December.

The plaintiff C. W. Edgerton was introduced as a witness in his own behalf, and testified that he delivered to the defendant ten bales of cotton on December 7, and fourteen bales on December 15, and that the agent gave him bills of lading for the shipments; he further testified that he sent the bills of lading to Cobb Bros. & Gillam. Over the objection of the defendant, he was permitted to testify that Cobb Bros. & Gillam wrote him that they had not received them. (Defendant excepted); that he sent the original bills of lading for all his shipments to Cobb Bros. & Gilliam, and

that a controversy arising between the plaintiffs and the said Cobb Bros. & Gillam as to the number of bales which had been shipped by plaintiffs to them, the said Cobb Bros. & Gillam claiming to have received bills of lading for only fifty bales, and to have received only fifty bales of cotton from plaintiffs. That plaintiff C. W. Egerton, about January 4, 1892, after all the shipments of plaintiffs to Cobb Bros. & Gillam had been made, requested the local agent of defendant at Kenly to give to plaintiffs duplicate bills of lading which had been issued up to that time, including the shipments of December 7th and 15th; he was further permitted to testify, over the objection of defendant, that the said local agent at Kenly did, at that time, give him duplicate bills of lading, copied from the stub book from which the original bills were issued, which duplicates, he afterwards found, had been given to Wilson, the trace agent of defendant, to aid him in tracing the lost cotton, and which showed the delivery to the defendant of sixty-seven bales of cotton. (No notice had been given to defendant to produce the duplicate bills of lading thereof.) Defendant excepted.

Verdict for plaintiffs. Motion for a new trial, for error in the admission of testimony. Motion overruled. Judgment and appeal.

*Aycock & Daniels*, for defendant (appellant).
No counsel, *contra*.

BURWELL, J.: Upon the argument, the first exception was abandoned by defendant's counsel.

What are called in the record "duplicate bills of lading, copied from the stub books from which the original bills were issued," evidently purported to be mere copies of the bills of lading made by defendant's local agent sometime after the originals were issued, the data for making them being obtained from the "stubs" of the originals. They were

nothing more in effect than the declarations of that agent that the " stubs " in the books of the defendant showed that on certain days it had received certain bales of cotton for shipment. It is well settled that declarations of an agent as to a past transaction are not evidence as against his principal. *Smith* v. *Railroad,* 68 N. C., 107 ; *McCombs* v. *Railroad,* 70 N. C., 178; *Rumbough* v. *Improvement Co.,* 112 N. C., 751. The admission of this evidence was tantamount to allowing the witness to testify that sometime after the shipments were made, the defendant's local agent told him how many bales of cotton were received by the defendant.

New Trial.