DUNCAN M. WILLIAMS v. THE SOUTHERN BELL TELE-
PHONE AND TELEGRAPH COMPANY.

*Action for Damages—Practice—Removal of Cause—Juris-
diction— Evidence—Master and Servant — Principal
and Agent—Declaration of Servant.*

1. An application for removal of a cause from a State to a Federal
   Court on the ground of local prejudice must be made to the
   Federal, and not to the State Court.
2. Where the ground for removal of a cause from the State to the
   Federal Court is diversity of citizenship, the application
   must be made to the State Court, and at the Term at which
   the answer should be filed ; otherwise, the right to removal is
   forfeited. Hence, where the answer should have been filed
   at April Term of a Court, which adjourned a week earlier
   than the time allowed by law, and an answer filed on the
   15th of June following was treated as if filed in time, an
   application to remove made at the time of actually filing the
   answer, was too late.
3. In the trial of an action against a corporation for damages for
   personal injuries sustained by the plaintiff through the neg-
   ligence of defendant's servant, evidence of an admission by
   defendant's general manager made after the injury occurred,
   that the person who caused the injury was a servant of the
   defendant, is inadmissible.
4. If two witnesses testify to the same state of facts, but the evi-
   dence of one is competent and the other is not, the party
   against whom the evidence is given is entitled to a new trial
   because the Court cannot know which witness the jury
   believed.

This is a CIVIL ACTION for alleged injury to the plaintiff,
sustained through the negligence of defendant, heard before
*Boykin, J.,* at September Term, 1894, of NEW HANOVER
Superior Court. Summons issued on the 1st day of March,
1894, returnable to April Term, 1894, of New Hanover
Superior Court. This Court, according to law, should have
commenced on the 15th day of April, 1894, but owing to

the absence of the Judge it did not in fact commence until the 17th, and adjourned on the evening of the 20th. Plaintiff filed his complaint on the 17th day of April, and defendant on the 15th day of June, 1894, filed an answer and a petition and bond for removal to the Circuit Court of the United States for trial, and at September Term, 1894, of New Hanover Superior Court, moved for an order of removal to said Circuit Court. This order was refused and defendant excepted and assigns this refusal to remove as one ground of error in this appeal.

The plaintiff was introduced as a witness in his own behalf and was allowed to testify under the objection of defendant, that "I saw the darkey after I was hurt. I do not know his name, and did not know then in whose employ he was. I found out, Mr. Coghill told me, that the darkey was one of the Company's servants, working for them at the time." Defendant excepted. It was admitted that Coghill is the local manager in Wilmington of the defendant company, which is a foreign corporation. There were some other exceptions, but a consideration of these two will dispose of the case on appeal.

*Messrs. A. M. Waddell* and *N. J. Rouse,* for plaintiff.
*Messrs. Jones & Tillett, Shepherd & Busbee* and *Iredell Meares,* for defendant (appellant).

FURCHES, J. ( after stating the case ) : We do not think the defendant's first exception, based upon the refusal to remove the case to the Circuit Court for trial, can be sustained. In defendant's application to remove the case two grounds are alleged: First, A diversity of citizenship— that plaintiff is a citizen of North Carolina, and the defendant a citizen of New York; and Secondly, The ground of local prejudice.

This ground of local prejudice should have been made to the Circuit Court, if made at all. The State Court had no right to entertain or consider a motion for removal, based upon this ground. *Blackwell* v. *Railroad*, 107 N. C., 217. The State Court had the right to grant the motion upon the ground of diversity of citizenship, if it had been made in apt time, that is during April Term, 1894, of the Superior Court of New Hanover. This was not done. The term of the court ended on the evening of the 20th of April, and the defendant's petition and bond for removal were not filed until the 15th of June following. By this delay, the defendant forfeited all rights it may have had to a removal, and indeed the Court lost its power to make the removal. 2 Foster's Federal Practice, Section 385, p. 823; *Pullman Palace Car Co.* v. *Speck*, 113 U. S., 925 ( Coop. Ed. ) and cases cited.

The learned counsel for defendant contend that as the April Term of New Hanover Court closed a week earlier than the time allowed by law, and as the defendant filed an answer on the 15th of June, which was afterwards treated as an answer, the time for making the motion to remove was extended, and defendant's application was in time, and they cite the case of *Wilcox* v. *Insurance Co.*, as authority for this contention. This opinion is by Judge SIMONTON, for whose opinions this Court has very great respect. But it is not of that class of cases that we would feel bound to follow, unless we find it sustained by reason and precedent. Judge SIMONTON admits that there are quite a number of cases that appear to differ with this opinion of his, and that as many as two opinions of other Circuit Court Judges are directly in point against this opinion. But this case of Judge SIMONTON is not in point, and our opinion in this case is not in conflict with the opinion of Judge SIMONTON, 60 Fed. Rep., 929. In that case, there

was an order of court extending the time for defendant to answer for 20 days. And defendant's application to remove was made within this 20 days, and he puts his order to remove upon that ground. In our case, there is no order of court extending the time for defendant to answer. And therein is the distinction between that case and our case.

But the case of *Wilcox* v. *Insurance Co.*, *supra*, is directly in conflict with Foster's Federal Practice, Vol. 2, Secs. 3 and 5, p. 823, and with the decision of the Supreme Court of the United States. *Pullman Car Co.* v. *Speck*, *supra*.

But the evidence of plaintiff that "I found out afterwards, Mr. Coghill told me, that the darkey was one of the company's servants, working for them at the time," was incompetent and should have been rejected by the Court upon the objection of defendant.

This was a statement made by Coghill some months after plaintiff received the injury complained of—was not part of the *res gestae* and was therefore incompetent. The fact that Coghill was the general manager of the defendant makes no difference. He was still but an employee of the defendant, and not the defendant; and any statement of his that was not a part of the *res gestae* was but hearsay and incompetent. *Rumbough* v. *Improvement Co.*, 112 N. C., 751 ; *Southerland* v. *Railroad*, 106 N. C., 100 ; *Edgerton* v. *Railroad*, 115 N. C., 645 ; *Branch* v. *Railroad*, 88 N. C., 573 ; *Smith* v. *Railroad*, 68 N. C., 107.

This testimony of plaintiff was directly in point upon the main issue, submitted to the jury, and entitled the defendant to a new trial, unless the error of the Court in admitting this evidence is cured by the affidavit of defendant, which was put in evidence by plaintiff, and this is the contention of plaintiff.

If two witnesses testify to the same state of facts, but

116—36

the evidence of one is competent and the other is not, the party against whom the evidence is given is entitled to a new trial, because the Court cannot know which witness the jury believed. *State* v. *Allen*, 1 Hawks, 6. But plaintiff insists that this case is different from *State* v. *Allen*, *supra*, and that class of cases. That here, the affidavit is the declaration of defendant and the jury is bound to believe it. The Court agrees with the plaintiff as to this proposition of law. And this brings us to the consideration of the admissions contained in the affidavit. If they are the same as the declarations of Coghill, testified to by plaintiff, or as full and direct as the declarations of Coghill, though not in the same terms, then it seems that the error of the Court in admitting Coghill's declarations would be cured.

At first, the writer of this opinion was of that opinion. But upon a more careful examination and comparison of the affidavit and the declarations of Coghill, testified to by plaintiff, I am of a different opinion. Then we do not think the admissions in the affidavit are equivalent to the declarations of Coghill, as testified to by the plaintiff; and in fact upon an examination of the Judge's charge, we find that he does not refer to the affidavit in any manner whatever; but the attention of the jury is specially called to the declarations of Coghill, in the following language: "As to the fact that the poles at the intersection of the streets where the accident is alleged to have occurred, belonged to the defendant company, Coghill who was agent and representative of the Company admitted to the plaintiff, in a conversation subsequent to the accident, that the party employed in the arrangement of the glass insulators was a servant of the defendant company." Upon this instruction, specially calling the attention of the jury to the declarations of Coghill, telling them that Coghill "admitted

that the party employed was a servant of the defendant company," we cannot say that the declarations of Coghill did not influence the verdict of the jury. Indeed we think it most probable they did.

We considered the question of removal because, upon awarding a new trial, that question would be the first to present itself, and therefore should be disposed of.

There is error and the defendant is entitled to a new trial. .                                    New Trial.