PEGRAM v. RAILROAD.

(Filed October 17, 1905).

*Hearsay Evidence—Conflicting Instructions—Negligence— Employee Rescuing Property of Employer—Obvious Danger—Duty of Employee—Recklessness.*

1.  A, who had testified about a matter, cannot be corroborated by what B heard another witness say in A's presence about the matter. It is hearsay and incompetent.

2.  Where two instructions are conflicting, they must necessarily have confused the jury, and as it is impossible to tell upon which one the jury acted, the appellant has just reason to complain.

3.  When the employer's property is set on fire by the negligence of another, the employee may attempt to rescue it, but not in the presence of obvious danger, and if he exposes himself rashly to obvious danger solely to rescue property, he cannot recover if he is injured in his attempt.

4.  Proof that the intestate had escaped from a burning building would absolve the defendant from liability for his death, unless the plaintiff replies by showing that his intestate re-entered the burning building for the purpose of saving his employer's property and that at the time he did so a reasonably prudent person might well have done the same thing.

5.  An instruction that imposed only one limitation upon the right of an employee to recover his employer's property endangered by fire, viz.: he must not act "recklessly," is erroneous.

ACTION by B. W. Pegram, Administrator of John M. Wilson, against Seaboard Air Line Railway, heard by *Judge Fred Moore* and a jury, at the April Term, 1905, of the Superior Court of WAKE County. From a judgment for the plaintiff, the defendant appealed.

*Argo & Shaffer* for the plaintiff.
*T. B. Womack* and *Murray Allen* for the defendant.

BROWN, J. The plaintiff contends that defendant, by means of its engine, negligently set fire to a cotton compress and warehouse at Hamlet, N. C., from which it communicated to the interior of the compress building, and while endeavoring to extinguish the flames the plaintiff's intestate was burned to death, and that defendant is liable therefor. It is further contended that Wilson, the intestate, was an employee of Chas. E. Johnson & Co., lessees of the compress and warehouse, at the time and was endeavoring to save the property of his employer from destruction. There was evidence tending to prove that when the alarm of fire was given, Wilson escaped from the building and went out on the platform, but voluntarily went back into the burning building where he was caught and burned to death. Plaintiff contends he went back for the purpose of saving his employer's property and that it was in the line of duty that he met his death. The court submitted these issues:

1. Was the injury and death of the intestate caused by the negligence of the defendant as alleged in the complaint?

2. Did the intestate by his own negligence contribute to his death?

3. What damage is plaintiff entitled to recover?

The jury answered the first issue "yes," the second issue "no," and assessed the damages.

1. The witness, Gibson, had testified that the fire originated in the bagging on the platform. For the purpose of cor-

roborating Gibson, a witness, Breeden, was permitted to testify that Gibson had repeatedly told him the same thing. On one occasion he testified that one Taylor was present. The witness was asked what Taylor said when Gibson made the statement. The defendant objected, the evidence was admitted and defendant excepted. Witness then testified that Taylor said, "That is right, I saw it when it first blazed up outside." This evidence was not admitted to contradict Taylor, but only to corroborate Gibson. The court so stated. Taylor had been a witness and was asked nothing about it. The defendant excepted, and we are of opinion that the exception is well taken. Gibson cannot be corroborated by what the witness Breeden heard another witness, Taylor, say. Taylor had not been examined on this subject, and the evidence was not offered to contradict Taylor. His unsworn declaration, therefore, delivered by the mouth of another, is not competent for the purpose of corroborating Gibson. It is hearsay. *Merrell v. Whitmire,* 110 N. C., 367. It is simply the unsworn declaration of Taylor as to a past event and was incompetent. *Egerton v. Railroad,* 115 N. C., 645.

2. His Honor gave the following instructions, among others, to the jury: 16. That if the jury shall find from the evidence that Wilson, being in a place of safety, left it and entered the burning building and attempted to extinguish the fire, at the time and in the manner in which an ordinarily prudent person would not have done so, they will answer the second issue "yes." 22. The only limitation of the rule that an employee or servant or other person may incur risk to save property is that one must not recklessly expose himself to danger. Where he does not recklessly expose himself, because of the duty he owes his employer to attempt to save his property, his act is relieved of the character of legal cause, and the liability is remitted to the negligence of the defendant.

These two instructions are conflicting and must necessarily have confused the jury. As it is impossible to tell upon

which one the jury acted, the defendant has just reason to complain. It is very generally held by the courts of this country that where one is exposed to peril by the negligence of another, the latter is liable in damages for injuries received by a third person in a *reasonable* effort to rescue the person imperiled. Considerable divergence, however, exists between the courts as to how far this rule will be extended in an effort to save property endangered by the negligence of another. This question has provoked much judicial discussion. Some jurisdictions deny the right to recover at all, while others have extended the rule so as to give the party injured redress where his effort to save property has been such as a reasonably prudent man would have made under similar circumstances. No one, however, should be permitted to recover for injury sustained in attempting to recover mere property in the face of *obvious* danger such as no reasonably prudent man would under the circumstances incur. Sherman and Redfield, vol. 1, paragraphs 85, 87; *Berg v. Great Northern,* 70 Minn., 272; *Lining v. Ill. Central,* 81 Iowa., 246; *Ry. Co. v. Roberts,* 44 Ill., 179. Mr. Watson, in his work on damages for personal injuries, discusses this subject very fully and clearly, and sums up his views in the following language: "The doctrine that a party may recover for personal injuries sustained in a prudent and reasonable endeavor to save or protect his own or another's property threatened with injury by the defendant's negligence, has the support of several well-considered cases, and properly limited, commends itself to the writer's view."

We are willing to hold with many able jurisdictions that when the employer's property is set on fire by the negligence of another, the employee may attempt to rescue it, but not in the presence of obvious danger. If the employee exposes himself rashly to obvious danger solely to rescue property, he cannot recover if he is injured in his attempt. *Power Co. v. Hodges,* 60 L. R. A., 459. It is contended here that the intestate had reached a place of safety; that he had escaped

from the building and from all danger and that his return to the burning buiding was voluntary and unnecessary on his part. If those facts be true, then the plaintiff cannot recover unless he can show that in voluntarily returning into the burning building from which he had safely escaped, his intestate acted with such care and caution as a reasonably prudent man would have exercised under such circumstances. The burden of proof is upon the plaintiff not only to show negligence upon the part of defendant, but that the death of his intestate was proximately caused by such negligence. If it be proven that the intestate had escaped from the burning building and had reached a place of safety, the defendant is absolved from liability for his death, unless the plaintiff replies by showing that intestate re-entered the burning building for the purpose of saving his employer's property and that at the time he did so a reasonably prudent person might well have done the same thing.

In his instruction No. 22, the court below imposed only one limitation upon the right of an employee to recover his employer's property endangered by fire, viz.: he must not act recklessly. Reckless is defined to be "desperately heedless." Century Dictionary. To be reckless is to be regardless of consequences. It is more than carelessness. It implies wilfulness. Any conduct that falls short of recklessness would therefore, in His Honor's opinion, not bar a recovery. We cannot concur in that view. The instruction was erroneous. Had human life been imperiled it is more than doubtful if the instruction would have been warranted *in favorem vitae,* but certainly not in the case of mere property. *Power Co. v. Hodges, supra; Plummer v. Kansas City,* 48 Mo. App., 484; *LaFayette Railroad v. Adams,* 26 Ind., 76. There is nothing in *Burnett v. Railroad,* 132 N. C., 261, relied on by plaintiff, which at all conflicts with the views herein expressed. As the case goes back for a new trial, it is unnecessary to discuss the other exceptions.

Error.