NORVELLA McKAY, Administratrix, KATE HOWELL, Deceased, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 16 October, 1912.)

**Railroads—Negligence—Fires—Wrongful Death—Contributory Negligence—Apprehension of Loss—Evidence—Questions for Jury.**
   In an action against a railroad company for damages for the negligent killing of plaintiff's intestate, the court may not hold as a matter of law that the plaintiff's action is barred by the contributory negligence of the intestate, when the evidence tends to show that the intestate was burned to death while endeavoring to extinguish an extensive fire caused by negligence in the operation of the defendant's locomotive, on lands adjoining her own, and it appears that she had reasonable apprehension that it would spread to her own lands and destroy her dwelling thereon situated; and in this case it is held that evidence is sufficient to be submitted to the jury on the issue as to contributory negligence.

APPEAL by plaintiffs from *Peebles, J.,* at April Term, 1912, of CUMBERLAND.

Civil action. The plaintiff alleged that the defendant was a corporation doing and carrying on the business of a railroad and a common carrier, and that on 30 March, 1910, it ran its locomotive on its right of way and negligently permitted coals and sparks of fire to be emitted from its locomotive, and that said sparks and fire ignited combustible matter which it had allowed to accumulate on its right of way, and that the fire communicated to the lands and premises of one Kate Howell, who, while prudently and carefully attempting to stay the progress of the fire and prevent the destruction of her property and dwelling, caught on fire and was burned to death, and the plaintiff alleges damages in the sum of $25,000.

The defendant, answering the complaint, denied that it was guilty of any negligence, as alleged in the complaint, and alleged that if plaintiff's intestate was injured, she was injured by her own negligence in attempting to put out fire not upon her own land, where no property in which she was interested or owned was in danger, and her own negligence contributed to and was the approximate cause of injury.

The following issues were prepared for submission to the jury: ·

1. Was the injury and death of the intestate of the plaintiff caused by the negligence of the defendant, as alleged in the complaint? Answer: ........

2. Did the intestate by her own negligence contribute to her death? · Answer: ........

3. What damage is the plaintiff entitled to recover, if any? Answer: ........

At the close of plaintiff's evidence the court stated to plaintiff that he would charge the jury, if they were satisfied by the greater weight of the evidence that the fire started on the defendant's right of way, to answer the first issue "Yes"; otherwise, "No." If they believed the evidence, to answer second issue "Yes." In deference to this intimation, plaintiffs having duly excepted, submitted to a nonsuit and appealed.

*H. L. Cook for plaintiff.*
*Rose & Rose for defendants.*

Hoke, J., after stating the case: There was evidence tending to show that intestate lived alone in a cabin on a wooded tract of land in which there was a small clearing or two, and that on 20 March, 1910, said to be Wednesday, a fire, originating on defendant's right of way, and negligently started from one of the company's trains, burned over the intervening lands towards the intestate's property and partly over her own land. That it proved to be an extensive fire, and several of the neighbors at different places were engaged in trying to extinguish it. One of them heard the intestate cry out on Thursday morning, but was unable to go to her because engaged in endeavoring to save his own property. That on Friday or Saturday morning the dead body of the intestate was found on a path about the dividing line where the fire was approaching her own from Colonel Broadfoot's adjoining tract. That all the clothing was burned off except the shoes, and a pine top lying near, half beaten or worn out, and her tracks along the path and some burning shreds of her clothing along the edge of the fire gave indication that she had caught fire while engaged in the effort to

beat back the fire and prevent it from making further progress towards her land and dwelling. On these the facts chiefly relevant to the second issue, we think there was error in the ruling of the court.

While our decisions would seem to make some distinction between the risks allowable when human life is at stake and those when the destruction of property is presently threatened, all of the authorities, here and elsewhere, are to the effect that it is both the right and duty of an owner to make every reasonable endeavor to save his property from destruction, and that in passing upon his conduct full allowance shall be made for the natural impulse prompting the effort and for the emergency under which he acts. *Norris v. R. R.*, 152 N. C., 515; *Burrett v. R. R.*, 132 N. C., 261; *Rexter v. Starin*, 70 N. Y., 601; 29 Cyc., p. 524. *Pegram v. R. R.*, 139 N. C., 303, cited and to some extent relied upon by defendant, does not contravene, but is in full recognition of the general principle as stated, the case only deciding on this question that "where an employee who had escaped from a burning building and was in a place of safety voluntarily returned to same in an effort to recover his employer's property, an instruction that imposed only one limitation upon his right to recover, that he must not act recklessly, was erroneous." Applying the controlling position as sustained by the authorities cited, the court below was clearly not justified in holding as a matter of law that the intestate was guilty of contributory negligence, the facts in evidence tending as they do to prove that she was burned in the effort to beat back a fire which threatened her property and even her home. And to show that this last apprehension was not groundless, it further appears that the same fire, though delayed for a time probably by a small clearing which intervened, did subsequently reach her yard, and the dwelling was only saved by the efforts of her neighbors.

For the error indicated plaintiff is entitled to a new trial, and it is so ordered.

New trial.