## S. P. HARPER v. MURRAY CONSTRUCTION COMPANY.

(Filed 19 December, 1930.)

**Master and Servant C g—In case of sudden peril employee is not held to same degree of care for his own safety as is ordinarily required of him.**

Evidence tending to show that the plaintiff was employed by the defendant to level the bottom of a long deep ditch in laying sewer and water mains where he was directed by his foreman to work, and upon the calling of the warning to "look out" suddenly given, he ran straight ahead towards the place where the ditch was caving in and received the injury in suit, and there is testimony that behind him the way was im-

peded by the crossing of the sewer and water mains within the open ditch which he was afraid to get over or go under: *Held,* sufficient to apply the rule that in case of sudden peril and emergency an employee is not held to the same degree of care for his own safety as under ordinary circumstances, and the case should be submitted to the jury. *Darden v. Lassiter*, 198 N. C., 427.

CIVIL ACTION, before *Moore, Special Judge,* at February Term, 1930, of GUILFORD.

Plaintiff offered evidence tending to show that on 12 March, 1929, he was working at the bottom of a ditch on Yaquena Street. The ditch was about 300 feet long and 11 feet deep. Rock was found in the bottom of the ditch and this was blasted with dynamite. These blasts were set off at 9 o'clock in the morning, at 12 o'clock, and at about 1 o'clock. Plaintiff was directed by the foreman to go into the ditch with two other men and throw out loose dirt and to grade and level the bottom of the ditch. The ditch had been filled in to a point within five or six feet from the place where plaintiff was working. Between the plaintiff and the point where the ditch had been filled there was a sewer pipe and a water pipe running across the ditch. These pipes were about four feet from the bottom of the ditch. Loose dirt had been falling into the ditch from time to time. The plaintiff testified that about 4:30 or 5:00 o'clock the ditch started to cave in and that Mr. Jordan, the foreman, hollered, 'Look out!' He didn't tell me which way to go. He just hollered, 'Look out.' I couldn't back towards where the sewer pipe had been laid as there were two service pipe lines crossing said ditch at right angles just in the rear of where he was working. Mr. Jordan didn't tell me which way to go, . . . and I ran the clearest way. I was scared to undertake to climb over the pipe and scared to try to go under it—when he hollered, 'Look out.' I was digging at the time, had my head down, and when he hollered I raised up and ran the clearest way. . . . I reckon I ran about 10 feet down it. I didn't have my head down and didn't look up. I was trying to run out of the ditch. . . . I straightened up and ran, and I was running so fast I ran into it."

At the conclusion of plaintiff's evidence the trial judge sustained the motion of nonsuit made by the defendant, from which judgment plaintiff appealed.

*O. W. Duke and E. D. Kuykendall for plaintiff.*
*R. M. Robinson for defendant.*

BROGDEN, J. We perceive no essential difference between the principle of law involved in this case and that announced in the case of *Darden v.*

*Lassiter,* 198 N. C., 427. It was pointed out in the *Darden case* that a variety of circumstances and conditions might enter into the question as to whether the work of fine grading in the bottom of a ditch was "dangerous or otherwise." Upon authority of the *Darden case,* we are constrained to hold that there was sufficient evidence of negligence to be submitted to the jury.

Manifestly, the plaintiff ran the wrong way when the call of danger sounded, because he actually ran to the cave-in instead of away from it. However, he undertakes to explain his conduct by testifying that certain service pipes prevented his retreat to the rear, and that his sole idea was to get out of the ditch. This testimony, if believed by the jury, tends to show that the plaintiff acted in an emergency, and the general rule of law in such cases is that the conduct of a person must be viewed and weighed with such reasonable liberality as the surrounding circumstances may warrant. *Pegram v. R. R.,* 139 N. C., 303, 51 S. E., 975; *McKay v. R. R.,* 160 N. C., 260, 75 S. E., 1081; *Hinton v. R. R.,* 172 N. C., 587, 90 S. E., 756.

Reversed.