## TRINITY & BRAZOS VALLEY RAILWAY COMPANY v. T. A. ELGIN.

### Decided June 26, 1909.

**1.—Railway—Negligence—Death—Contributory Negligence.**

In an action against the railway company for the death of a brakeman alleged to have resulted from its negligence in the operation of its train with defective cars, evidence considered, and held to require the submission to the jury of the issues of negligence and contributory negligence.

**2.—Same—Negligence—Defective Car.**

Where the evidence showed that one of the cars of the train had a defective brakebeam, that it fell and was dragging on the track and was liable to wreck the train, that this was the moving cause that prompted the brakeman to go between the cars, which resulted in his death, and that the train had passed through stations where an inspection could have been made by the defendant and no inspection was made, the court properly submitted the issue of negligence on the part of the railway company in carrying a car with a defective brakebeam.

**3.—Contributory Negligence.**

Where the pleadings charged and the evidence showed that it was the duty of the deceased brakeman to stop the train, if in his judgment it was necessary to prevent the train from injury, a charge, upon contributory negligence, submitting the issue as thus presented, was not subject to the objection that the judgment of deceased was not the criterion by which his conduct was to be measured.

**4.—Same—Acts in Emergency.**

Acts done in an emergency on an impulse, are not negligence as a matter of law. The principle applies to the protection of life, and also where the duty devolves on the employe to protect the employer's property.

**5.—Same.**

Where the brakeman went between the cars in order to stop the train and was killed, and the evidence showed that the dragging of the brakebeam was calculated to wreck the train and created an emergency that called for an immediate stopping of the train, that this duty devolved on the deceased, that from the moment he was made aware of the dragging brakebeam until he met his death, his efforts to stop the train never ceased, and that he acted suddenly and hurriedly and seemed to be excited, the issue of contributory negligence was for the jury.

**6.—Same—Charge.**

Where the charge upon the issue of contributory negligence authorized the

jury to find whether or not the realization of the danger to the train and necessity to stop it came upon deceased so suddenly and unexpectedly as to afford no time for reflection upon or consideration of the danger in his act, and that he acted upon the impulse of the moment in placing himself in peril of his life, and instructed the jury that if the deceased acted deliberately or after time for consideration of the danger of the act of going between the cars, there could be no recovery, there was no error in refusing a charge defining sudden impulse, or one excluding the right to recover if deceased was justified in so acting in an emergency.

7.—Assumed Risk—Operation of Train.

An employe does not assume the risk of the negligence of a railway company in the operation of the train.

Appeal from the District Court of Freestone County. Tried below before Hon. L. B. Cobb.

*Andrews, Ball & Streetman, W. E. Terrell* and *Williams & Bradley,* for appellant.

*J. Ross Bell* and *Collins & Cummings,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was brought by T. A. Elgin, appellee, against the Trinity & Brazos Valley Railway Company, appellant, to recover damages resulting to him from the killing of his son, T. A. Elgin, Jr., occasioned by the negligence of the railway company. Defendant answered by general demurrer, general denial, assumed risk and contributory negligence. Upon a hearing a verdict and judgment was rendered for plaintiff for $1,600, and defendant appeals.

The appellant complains of the action of the court in overruling its general demurrer to plaintiff's petition. There was no error in this action of the court. The allegations state a cause of action and is not subject to a general demurrer.

The second assignment of error complains of the refusal of the court to give a requested charge to the jury, to the effect that plaintiff had failed to show such facts as entitled him to recover and to return a verdict for defendant.

The facts show that deceased, at the time he was killed, was in the employ of defendant and engaged as brakeman in the operation of a freight train running south from Fort Worth. At Bird's Siding two defective cars were attached to said train, the defect being the drawheads of same were gone, and they were fastened together with a chain, and there was nothing to prevent them from running together if the train should for any reason be suddenly stopped. One of said cars had a defective brake-beam. As the train was leaving Munger in Limestone County, and running about as fast as an ordinary man could walk, it was discovered that said brake-beam had dropped down and was dragging on the track, and endangered the train. Under these conditions it was the duty of the deceased to have the train stopped, and to accomplish this he signaled to the engineer and fireman to stop the train, but getting no response, he ran forward on the top of the train a car's length and got down on the ground, and again

signaled for the train to stop. Still getting no response to his signal he ran forward on the ground and in between the two defective cars, shut off the angle cock which applied the air, and set the brakes on the cars in front of said two defective cars. This had the effect to cause said two cars to run together, crushing him to death. The brake-beam having fallen, it was the duty of the deceased to stop the train as quick as possible to prevent a wreck, and having failed to attract the attention of the engineer, the only other way to stop it was to shut off the angle cock. As the train was increasing in speed it was necessary for him to act suddenly and hurriedly, and he so acted. The defective cars were picked up at Bird's Siding, were in bad order, which was known to defendant's trainmaster, by whose order they were attached to this train. Said cars were not inspected or repaired at Cleburne or Hillsboro, where defendant had repairing done. The train passed through these places just before the accident. The deceased knew when the two cars were picked up that the drawheads were gone, but the evidence is silent as to his knowledge of the brake-beam being defective.

The contention is made that the plaintiff can not recover as the evidence conclusively shows that the appellee's deceased son was guilty of contributory negligence. It is conceded that a "father suing for damages on account of the death of his adult son can recover only upon the same evidence of negligence that, if death had not ensued, would have entitled the injured party to maintain an action for such injuries," but the question arises, do the facts show such negligence upon the part of deceased as to authorize the court to say, as a matter of law, that he was guilty of contributory negligence as will prevent a recovery in this case? We think not.

The facts are not such, in our opinion, as conclusively show contributory negligence by deceased, such as but one conclusion can be reached by intelligent men, but are such that reasonable and sensible men might reach a different conclusion, and should have been submitted for the jury's determination.

Appellant complains of the fifth paragraph of the court's charge, which is as follows: "There is no question that plaintiff's son was killed by reason of going in between the cars, and that the deceased could not have stopped the train by applying the air from the caboose. Now, if you believe from the preponderance of the evidence that there was a defect in the brake-beam of one of the cars, and that it was negligence on the part of the defendant's servants to carry the car in the train by reason of the defect, and that on account of said defect there arose a danger that the train or some of the cars would be damaged, and that plaintiff's son became aware of that fact, and that it was his duty as brakeman to stop the train, if, in his judgment, it was necessary to preserve the train from injury, and that deceased believed it was necessary for him to stop the train to prevent injury thereto, and that the realization of the danger to the train and necessity to stop the train came upon him so suddenly and unexpectedly as to afford no time for reflection upon or consideration of the danger involved in his act, and that he acted upon the impulse of the moment in so placing himself in peril of his life; and if you further believe that persons

of ordinary prudence in deceased's situation and in similar circumstances would commonly have done as he did, you will not regard him as negligent, and in such event, and if you further believe from the evidence that, had deceased lived, he would have donated money to the plaintiff, then you will find for plaintiff the present value of such sum or sums of money as from the evidence you believe he would have contributed to plaintiff."

The first criticism of the charge is that it submitted the issue of negligence on the part of defendant in carrying a car with a defective brake-beam, because there is no evidence tending to show there was any negligence in regard to the defective brake-beam.

The evidence shows that one of the cars had a defective brake-beam, that it fell and was dragging on the track, and was liable to wreck the train. This was the moving cause that prompted the deceased to go between the cars, which resulted in his death.

The train had passed through stations where an inspection could have been made by defendant, but such was not done. This evidence raised the question of negligence of defendant as to such defective brake-beam, and there was no error in so charging. San Antonio & A. P. Ry. Co. v. Hahl, 83 S. W., 27.

Another objection to the charge is: That the jury were told, if they believed the deceased became aware of the fact that the train was in danger of injury, and "that it was his duty as brakeman to stop the train, if, in his judgment, it was necessary to prevent the train from injury, and that deceased believed it was necessary for him to stop the train to prevent injury thereto," because the judgment of deceased was not the criterion by which his conduct was to be measured, but whether his conduct was that of an ordinarily prudent and cautious person so situated.

The pleading charged, and the evidence shows, that it was the duty of deceased to stop the train if, in his judgment, it was necessary to prevent the train from injury. Such being the pleading and proof, there was no error in the court so instructing.

Another objection is made to that portion of the charge as states: " 'That the realization of the danger to the train and necessity to stop the train came upon him so suddenly and unexpectedly as to afford no time for reflection upon or consideration of the danger involved in his act, and that he acted upon the impulse of the moment in so placing himself in peril of his life,' which should not have been given, because the facts do not show and are not sufficient to show that the danger to the train came upon deceased so suddenly and unexpectedly as to afford no time for reflection or consideration of the danger involved in his act."

By the foregoing criticism we do not understand that it is claimed the charge announces an incorrect principle of law, but that said charge is not applicable to the facts. "Acts done in an emergency on an impulse are not negligence as a matter of law." This applies to the protection of life, as well as where the duty devolves on the party to protect the employer's property. Kansas City Smelting Co. v. Taylor, 48 Texas Civ. App., 605, and cases there cited.

The evidence shows that the dragging of the brake-beam was cal-

culated to wreck the train and created an emergency that called for the immediate stopping of the train. This duty devolved upon the deceased, and that from the moment he was made aware of it until he met his death his efforts were unceasing to stop the train. He acted suddenly and hurriedly, and seemed to be excited. It may be that in the hurry he may have thought he could run in between the cars and cut off the angle-cock and escape before the cars would come together, and thereby save the property of his employer, and probably the life of his co-workers. His lips are closed, and his version of this can not be known, and whether or not his acts were negligent was properly left for the decision of the jury.

The court refused a special charge as follows: "You are charged that the term, 'sudden impulse,' as used in the charge, means a momentary and inconsiderate impulse by which a person is impelled, occurring unexpectedly to such person at the time, without previous notice." The refusal of this charge is assigned as error. The court did not err in refusing this charge. The term, "sudden impulse," is not used in the court's charge. The words suddenly, unexpectedly and impulse of the moment, are used by the court in connection with the acts of the deceased, but these are of common use, have no technical meaning, and their meaning easily understood. Besides, the court told the jury, "If the deceased acted deliberately, or after time for consideration of the danger of the act of going in between the cars, then plaintiff can not recover." The charge was sufficiently explicit in this respect, and the jury could not possibly have been misled to the defendant's injury.

The appellant requested a special charge on the measure of damages. The court's charge on the measure of damages was substantially that as requested, therefore there was no error in refusing said special charge.

The court refused several special charges defining ordinary care, contributory negligence, and one applying the law to the facts as to the knowledge of deceased of the defective coupling, the use of ordinary care, etc.

The court, at the request of appellant, gave a charge defining "negligence" and "ordinary care." The evidence shows conclusively that deceased knew of the defective coupling of the cars, but there is no evidence that he knew of the defective brake-beam until he was warned at Munger that it was dragging on the track.

The following are excerpts from the court's main charge: "The evidence shows that there were two cars in the train that had no drawheads, and that plaintiff's son and the defendant's servants in charge of the train knew it; and that, unless he was justified by reason of matters hereinafter referred to in going between the cars, plaintiff's son was guilty of contributory negligence which would preclude plaintiff's recovery. Now if you believe from the preponderance of the evidence that there was a defect in the brake-beam of one of the cars, and that it was negligence on the part of the defendant's servants to carry the car in the train by reason of the defect, and that on account of said defect there arose a danger that the train or some of the cars

would be damaged, and that plaintiff's son became aware of that fact, and that it was his duty as brakeman to stop the train if, in his judgment, it was necessary to preserve the train from injury, and the deceased believed it was necessary for him to stop the train to prevent injury thereto, and that the realization of the danger to the train and necessity to stop the train came upon him so suddenly and unexpectedly as to afford no time for reflection upon or consideration of the danger involved in his act, and that he acted upon the impulse of the moment in so placing himself in peril of his life, and if you further believe that persons of ordinary prudence, in deceased's situation and in similar circumstances, would commonly have done as he did, you will not regard him as negligent." "If the deceased acted deliberately, or after time for consideration of the danger of the act of going in between the cars, then plaintiff can not recover." "If there was no negligence on the part of defendant's servants in discovering and removing the defect, if any, in the brake-beam, the plaintiff can not recover." "In this connection you are informed that it is the duty of a railroad company to use ordinary care to keep its cars in reasonably safe condition for use, yet, if in this instance there was a defect in the brake-beam that occasioned a danger to the train and thereby led up to a necessity for stopping the train, and if the defect in the brake-beam was the proximate cause of deceased getting in between the cars and receiving injuries, and if because of such defect in the brake-beam deceased was injured, yet, if there was no negligence on defendant's part in carrying the car with no brake-beam in the train the plaintiff can not recover." "If you do not believe that the act of deceased in going between the cars was such as would be commonly done by persons of ordinary prudence in his situation and in similar circumstances, you will find for defendant."

The court having charged the jury that deceased, under the facts, was guilty of contributory negligence unless suddenly confronted with an emergency which threatened immediate danger to the train, etc., there was no need to further charge on contributory negligence. Besides, the said special charge, in effect, excluded the right to recover if deceased was justified in so acting from an emergency. The requested charges were properly refused.

There are several assignments of error as to the admission of evidence, but in each instance the witnesses showed themselves competent to speak, or the witnesses were stating matters of fact, and not opinion. These assignments are not sustained.

Several assignments relate to assumed risk. An employe does not assume the risk of the negligence of a railway company in the operation of a train, and by the charge of the court a recovery was made to depend upon the negligence of the company as regards the brake-beam. Said special charges omitted any reference to a defective brake-beam. We think the said charges were properly refused.

Believing the evidence is sufficient to sustain a recovery, and that no material error was committed by the trial court, the judgment is affirmed.

*Affirmed.*

Writ of error refused.