# CHARLESTON.

## Antonio De Francesco v. Piney Mining Co.

Submitted September 21, 1915.. Decided October 12, 1915.

1. Master and Servant—*Injury to Servant—Defenses—Workmen's Compensation Act—Validity.*

    Sec. 26 of ch. 15p, Code, ser. sec. 682, denying to certain classes of employers of labor, the benefit of the common law defenses of contributory negligence and assumption of risk, on their failure to take the benefit of the Workmen's Compensation Act, is constitutional and valid.  (p. 757).

2. Same—*Assumption of Risk—Abolition of Defense—Workmen's Compensation Act.*

    Such abolition of the doctrine of assumption of risk does not proscribe acts on the part of an employer, which, by the common law, were rightful and free from negligence.  Its purpose is to forbid an application of the principle of waiver by which, at common law, the servant is made to assume the risk of known negligence on the part of the master, by reason of his continuing in the service with knowledge thereof.  (p. 757).

3. Same—*Injury to Servant—Neglect of Duty—Causal Relation.*

    To make a master liable for an injury to a servant, by reason of his omission of a duty imposed upon him by a statute, in favor of the servant, the existence of a causal relation between such omission and the injury is essential.  (p. 760).

4. Same—*Instruction and Warning—Duty of Master.*

    Neither the common law nor a statute requiring a master to instruct his inexperienced servants, as to the dangers incident to their work, imposes duty to instruct a servant of mature age and presumptively of average intelligence, as to unnecessary acts and conduct on his part that are commonly known to be dangerous, nor any duty to anticipate them and warn the servant of the danger thereof.  (p. 761).

5. Same—*Injury to Servant—Negligence—Failure to Warn.*

    Failure of the employer of an inexperienced coal miner, to warn him of the danger incident to the taking of a stick of dynamite with an ignited fuse attached, from a drill hole, almost immediately after discovery of lack of scintillation by the fuse, is not negligence; and the employer is not liable for an injury occasioned by such an act.  (p. 761).

Error to Circuit Court, Raleigh County.

Action by Antonio De Francesco against the Piney Mining Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded for new trial.*

*Davis, Davis & Hall,* and *McGinnis & Hatcher,* for plaintiff in error.

*C. M. Ward* and *T. N. Read,* for defendant in error.

POFFENBARGER, JUDGE:

For the loss of a hand and an eye and other injuries caused by the explosion of a stick of momobel, a form of dynamite, the plaintiff employed by the defendant as a coal miner, at the time of his injuries, recovered a judgment for the sum of $5,000.00, against the latter, on the theory of its negligent failure to warn him of the danger of his employment and instruct him as to methods of avoiding it.

Certain defenses formerly available in actions of this kind, assumption of risk, contributory negligence and injury by negligence of a fellow-servant, were abrogated by the Workmen's Compensation Act. Prior to the injury, the defendant had made application for the benefit of that statute and the commission had fixed and assessed the premiums, but the company was in default as to payment thereof, at the time of the injury, wherefore it was as effectually denied the benefit of that law as if it had never made application therefor. As an employer of labor, it was bound to place itself under the protection of that law or lose the benefit of the defenses to which reference has been made. The statute expressly provided that any employer subject thereto, who should not elect to pay into the funds the premiums provided, or, having so elected, should be in default of payment of the same, should be liable to his employees for damages suffered by reason of personal injury sustained in the course of employment, caused by his wrongful act, neglect or default, or by such act of any of his agents or employees, and should not be permitted to avail himself of any of said common law defenses.

An assignment of error, denying the constitutionality of the statute, is not insisted upon in the argument and, therefore,

may be regarded as having been abandoned. However, power in the legislature to pass such a statute has been affirmed by many decisions. It does not make an employer liable except in cases of his own direct or indirect negligence or wrongful act, and the defenses inhibited or barred are such as the legislature had a clear right to eliminate for reasons of public policy.

The sole issue in the case arose from the allegation of negligence on the part of the defendant, consisting of failure to instruct the plaintiff, or cause him to be instructed, respecting the proper use of the explosives, in view of his lack of experience in the use thereof as well as in the work of mining coal.

Besides its basis in the common law, the duty alleged to have been broken, has another in the statute, sec. 17, chap. 15H of the Code, ser. sec. 476, making it the duty of the mine foreman or his assistant "to see that every person employed to work in such mine shall, before beginning to work therein, be instructed as to the particular danger, incident to his work in such mine;" and providing that "Every inexperienced person so employed shall work under the direction of the mine foreman, his assistant or such other experienced worker as may be designated by the mine foreman or assistant until he is familiar with the danger incident to his work."

Under the law as it was before the enactment of the Workmen's Compensation Act, the operator was not liable for the result of the non-performance of this duty, because the mine foreman was regarded as a fellow-servant whose negligent acts were governed by the fellow-servant rule. Section 26 of the Workmen's Compensation Act specifically takes away this right of defense, saying an employer who neglects to take the benefit of the act "shall not avail himself of any defense that the negligence in question was that of some one whose duties are prescribed by statute." The obvious effect of this, read in connection with another provision of the same section, making the employer liable for the wrongful act, neglect or default of any of his officers, agents or employees, is to make the mine foreman virtually a vice-principal.

Inability of the plaintiff to read, write or understand the English language and of the company's officers to speak or

understand the Italian language has led to conflict in the testimony, as to whether he was employed as an inexperienced miner, and contradictory statements put into the evidence in the case introduce an element of uncertainty as to whether or not, in point of fact, he was an inexperienced miner. The negotiations for his employment were conducted through interpreters who did not speak the English language accurately. In the presence of the plaintiff, they represented to the company's officers, that he had worked in mines in Pennsylvania, for three years, and his nephew with whom he worked in the mines of the defendant company, says he told him he had worked three years, evidently at mining, since, being a mature man, he must have worked many years at something, but he does not give the time of this admission. This man, as well as the mine foreman, testifies that De Francesco did his work about as effectually and expeditiously as the other miners. However, he denies that he had ever had any experience as a miner, saying he had come direct from Italy to the mining region in which he obtained employment by the defendant, but had worked at grading, on the Pennsylvania Railroad, in Pennsylvania, about nine years ago, on the occasion of a former trip to this country. He was not specifically instructed as to the danger of his work by the mine foreman, but he was placed at work with two Italian miners of experience, one of whom staid with him for a period of about two weeks. At the end of that time, his associate went to another place leaving Francesco still working. Then another man worked with him for a while and was present when he was hurt. From them, he learned to use the explosive in an improper manner. Instead of using a long fuse so as to enable him to put the stick of dynamite in the bottom of the hole or at the far end thereof and leave outside enough fuse for lighting purposes, he used a short fuse ten inches or a foot long, which was lighted before the dynamite was placed. He denies having received a copy of the mining laws printed in his own language, but his receipt therefor was introduced. It bears his name, but he denies the signature and it is not proven. The book was handed out from the office window, for delivery to him and for his signature to a receipt for it. The receipt came back with what purported to be his signature.

His name may have been written by some one for him, but he denies having given any authority to any person to affix his signature.

The jury were no doubt warranted in finding, from this state of the evidence, that the plaintiff was an inexperienced miner, at the time of the commencement of his service, and the evidence may have justified the further finding of non-performance of the duty of instruction. Though the plaintiff was placed at work with experienced miners, they do not appear to have been specially designated as his companions or instructors or directed to work with him as such, and there is evidence tending to show they did not do their work in a careful or safe way. But, if the careless method he acquired from them was not the proximate cause of his injury, it is unnecessary to say whether the evidence is sufficient to sustain the latter finding.

The injury was occasioned by the explosion of a stick of monobel, while he held it in his hands. Having attached a fuse to it and lighted the fuse, he placed the explosive in the hole he had drilled. Observing no scintillation of the fuse, or noticing a cessation thereof, he took out the stick with the fuse attached, for the purpose of inspection or the making of some alteration. It is not pretended that, in this act, he followed or adopted any precedent set by his instructors, and it is manifest that his injury was not due to the shortness of the fuse. It did not put off the explosive within a period of time insufficient for his retreat to a place of safety. If he had shoved the explosive back into the hole and retreated in accordance with his usual practice, he would not have been injured. This fully established and undisputed fact, namely, that he took the dynamite from the hole and held it in his hands until it exploded, raises a vital and controling inquiry. If this act was one as to which no instruction was necessary, then, for any violation of the statute or neglect of duty, as to other matters, from which the injury did not result, there is no right of recovery. Even though a duty is imposed by a statute, neglect thereof entails no liability, unless there is a causal relation between the negligence and the injury. *Norman* v. *Coal Co.*, 68 W. Va. 405.

· Neither the statute nor the common law requires a master

to instruct the servant as to dangers of which he has knowledge or as to means of avoidance fully known to him.   The statutory requirement proceeds upon the theory of lack of knowledge in the employee, for it applies only to inexperienced miners.   The common law imposes no duty to instruct a servant of full age and average intelligence, as to elements of danger that are obvious to persons of his class.   *Stuart* v. *West End Street Railway Co.,* 163 Mass. 391; *Brands* v. *St. Louis Car Co.,* 213 Mo. 698; *Holland* v. *Tennessee Coal & Iron Co.,* 91 Ala. 444; *Wagner* v. *Chemical Co.,* 147 Pa. 475; *Ozogar* v. *Pierce Mfg. Co.,* 134 Div. N. Y. 800, 119 Supp. 405.   In other words, the employer is under no duty to instruct as to. acts and things commonly known to be dangerous.

To exact such a duty, under the statute abrogating assumption of risk and contributory negligence, would be violative of the letter and spirit of that portion thereof which imposes liability only for negligence or other wrongful act causing injury.   It would make the employer a guarantor of the safety of the employee, from the consequences of his own careless act.   Moreover, it would make the liability depend, not upon the words of the statute, but upon a rule superadded by judicial construction.   The abolition of the doctrine of assumption of risk goes only to that portion of it which denies right of recovery for negligence on the part of the master, to which the servant is deemed to have assented, because of his knowledge of the same and continuance in the service thereafter.   It was not the purpose of the statute to proscribe acts on the part of the master which, by the common law, were rightful and free from negligence, but only to eliminate an application of the principle of waiver—assumption of risk of injury by known acts of negligence on the part of the master. "An employer who has not elected to bring himself within the provisions of the Michigan Workmen's Compensation Act, is not answerable for injury sustained by an employee, in the absence of some negligence on the part of the former." *Lydman* v. *DeHaas,* 151 N. W. 718, 8 N. C. C. A. 649.

That a fuse will sometimes burn without scintillating is a matter of common knowledge.   Any person of ordinary intelligence presumptively knows it will.   The plaintiff was a man of mature years, the head of a family, and is not shown to

have lacked the intelligence ordinarily characteristic of a mature man. There was, therefore, nothing in his situation or circumstances that might reasonably have induced his employer, or its agents, to anticipate the act by which he inflicted injury upon himself, and warn him against it. He knew dynamite would explode. For at least a month, he had been making daily use of it. Aside from his experience with the fuse, during this period of time, nobody could have thought it necessary to advise him against picking up a stick of dynamite to which a lighted fuse was attached. He must have seized it almost instantly after he had lit the fuse, for a man who was in the room with him said he had run at the alarm of fire and was not present at the time the accident occurred. As he had not returned, Francesco must have pulled the dynamite out before the lapse of the time usually required for the fuse to burn to it. In response to an interrogatory, the jury found the plaintiff would not have been injured "had he used ordinary and reasonable care, considering the knowledge he had had in the explosion of sticks of monobel." Nevertheless, they found for the plaintiff, evidently under the impression that the company was liable for failure to instruct an inexperienced miner, whether such failure occasioned injury or not, for they specially found the defendant owed such duty and had failed to perform it. Reference is made to these special findings as tending to confirm the view that the act which occasioned the injury was one commonly known to be dangerous and such as required no safe-guard in the form of an instruction to refrain from it. As the general verdict lacks sufficient foundation in the evidence, it is unnecessary to say whether any of the special findings are inconsistent with it.

None of the other assignments of error merit discussion. Evidence objected to was admissible. Instruction No. 1 given for the plaintiff and directing the jury to find for him, if they believed he was an inexperienced miner and had not been instructed, nor put to work with experienced miners, nor furnished a copy of the mining laws, should have been refused. Read in the light of the evidence, it ignored a vital issue and was misleading. Instruction No. 1 asked for by the defendant and directing a verdict for it, should have been

given, because the evidence is clearly insufficient to sustain a verdict for the plaintiff. As the subject matter of defendant's instructions Nos. 10 and 12 was fully covered by its instruction No. 11 and perhaps others, the court properly refused them.

The judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded for new trial.*