With this statement, I concur in the majority opinion.

---

## THE STATE ex rel. HUGH BOEVING et al. v. ARGUS COX et al., Judges of Springfield Court of Appeals.

### Division Two, October 6, 1925.

1. **CERTIORARI: To Court of Appeals: Questions Not Considered.** Questions not considered by the Court of Appeals will not be reviewed by this court upon *certiorari* unless they necessarily were involved in the decision rendered. If the opinion necessarily rested upon a determination of such questions, they are reviewable, whether discussed or not.

2. **————: ————: ————: Demurrer to Evidence: Contributory Negligence as Matter of Law.** A statement by the Court of Appeals in their opinion that the appealing defendants were insisting that their demurrer to the evidence should have been sustained implies that such a demurrer was asked upon the trial and was refused; and where the Court of Appeals further say in such connection that the only question for consideration is whether the plaintiff was guilty of contributory negligence as a matter of law, an opinion affirming the judgment necessarily involved a determination of that question, if a proper exception were saved in the trial court to the overruling of the demurrer, and the question is reviewable upon *certiorari* although not expressly ruled or discussed in the opinion. The opinion necessarily decided that the evidence tended to prove the negligence of defendants and made a case for the jury upon the question of proximate cause between their negligence and plaintiff's negligence.

3. **NEGLIGENCE: Proximate Cause.** It is not enough to prove that the master was negligent in furnishing an unsafe machine for the use of his servant, and had actual knowledge of the defect; it must also be proved that such negligence was the proximate cause of the servant's injury. Notwithstanding the master's negligence, other independent agencies may intervene to produce the particular injury.

4. **————: ————: Intervening Agency.** Assuming that the defendants were guilty of negligence in permitting a hole in the screen of a

boll extractor of a cotton gin, being operated by plaintiff, to remain unrepaired, and that thereby the extractor became clogged and was about to stop when a stick lodged in the hole, plaintiff would not have been injured had he not extended his hand and arm into the machine to remove the stick while the extractor was in operation, and that act was the intervening independent cause of the injury to his hand, without which the accident would not have occurred; and the opinion of the Court of Appeals, ruling that defendants' negligence was the proximate cause of plaintiff's injury, conflicts with Van Bibber v. Swift & Co., 286 Mo. 317, and other controlling decisions of this court.

Corpus Juris-Cyc. References: Certiorari, 11 C. J., Section 374, p. 208, n. 10. Courts, 15 C. J., Section 511, p. 1079, n. 42. Master and Servant, 39 C. J., Section 413, p. 286, n. 30; Section 561, p. 446, n. 39; Section 1211, p. 994, n. 46. Negligence, 29 Cyc., p. 488, n. 29. Trial, 38 Cyc., p. 1516, n. 57.

## Certiorari.

OPINION OF COURT OF APPEALS QUASHED.

*J. C. Sheppard* and *Arnot L. Sheppard* for relators.

Although the evidence shows that Petty thrust his hand into the interior of this machine through a hole in the northern end of it, grasped a stick protruding from the hole in the screen, and while attempting to pull the stick loose lost his fingers, respondents held in their opinion that the hole in the screen might be considered by the jury as the proximate cause of Petty's injury. So far as the evidence discloses, that hole might have remained there for any length of time and Petty would never have been injured, had not his own act of thrusting his hand inside the machinery intervened, and but for which the injury would not have occurred. In so holding, respondents' opinion is in conflict with the following last and controlling decisions of this court on that question: Van Bibber v. Swift & Co., 286 Mo. 317; Harrison v. Elec. Light Co., 195 Mo. 623; Smith v. Forrester-Nace Box Co., 193 Mo. 715; George v. Mfg. Co., 159 Mo.

333; Doerr v. Brewing Assn., 176 Mo. 547; Nugent v. Milling Co., 131 Mo. 241.

*Jerry Mulloy* and *W. A. Welker* for respondents.

(1)   An alleged error not assigned or considered by the Court of Appeals cannot be reviewed by the Supreme Court on *certiorari*.   State ex rel. Shaw Transfer Co. v. Trimble, 250 S. W. 388; State ex rel. United Rys. Co. v. Allen, 240 S. W. 117.   (2)   On *certiorari* to quash record of Court of Appeals for conflict with decisions of the Supreme Court, the Supreme Court cannot review the facts, except so far as stated in the opinion of the Court of Appeals and cannot dig out of the record facts not stated in order to overturn the opinion.   State ex rel. Ins. Co. v. Allen, 243 S. W. 839; State ex rel. Presnell v. Cox, 250 S. W. 374; State ex rel. Shaw Transfer Co. v. Trimble, 250 S. W. 384; State ex rel. Raleigh Inv. Co v. Allen, 242 S. W. 78; State ex rel. Ry. Co. v. Allen, 236 S. W. 870.   (3)   Even though plaintiff knew of the danger and that unless careful he might be injured, yet continuing to work after a promise to repair the defect by the foreman, is not contributory negligence, unless the danger was so threatening and obvious that no reasonable person would do so.   Cole v. Transit Co., 183 Mo. 81; George v. Railroad Co., 225 Mo. 364; Bunkard v. Rope Co., 217 Mo. 481; Evans v. Gen. Explosive Co., 239 S. W. 493; Hammond v. Coal Co., 156 Mo. 232; Van Bibber v. Swift & Co., 228 S. W. 691.   (4)   Even though the plaintiff could have stopped the machine and removed the stick in perfect safety that does not convict him of contributory negligence because he adopted a more dangerous method.   Wagner v. Const. Co., 220 S. W. 897; Hutchinson v. Safety Gate Co., 247 Mo. 494.   (5)   Whether the plaintiff, by grasping the protruding end of the stick with his right hand in an attempt to remove it from the hole in the screen, was guilty of contributory negligence was eminently a question for the jury.   Edwards v. Stave & Mfg. Co., 221 S. W. 747; Hughes v. Const. Co.,

176 S. W. 534; Brown v. Planing Mill Co., 214 S. W. 262; Hill v. Cotton Oil Co., 214 S. W. 422.

BLAIR, J.—Rufus Petty recovered judgment in the Circuit Court of Butler County against his employers, the relators here, for $5,000 for personal injuries sustained through alleged negligence. Appeal was granted to the Springfield Court of Appeals, where the judgment was affirmed. Relators now seek to quash the opinion of respondents.

Petty was employed as a cotton ginner in relator's gin near Poplar Bluff. In attempting to pull a stick out of a hole in the screen of the boll extractor, he lost four fingers off his right hand. Respondents considered only one allegation of negligence contended in the petition, to-wit:

"That in a wire netting, or drum, a hole of about four inches was worn in the north end of the drum which permitted cotton and sticks to become lodged and interfere with the operation of the machine, and on the occasion that plaintiff was injured a stick about one inch in thickness and six inches in length lodged in this hole, and that as plaintiff took hold of the stick to remove it, it was knocked against the saws which were running in the extractor and injured his hand. Plaintiff further alleged that he notified the defendants of the defective condition of the wire netting or cylinder, and defendants promised to render the machine fit and safe and directed him to continue the operation thereof."

We quote from respondents' opinion for the facts, as follows:

"The plaintiff testified that he was injured at the north end of the north machine in the ginhouse, there being three of these boll extractors in the ginhouse at the time, one of which was not being used. The gin stands directly under this boll extractor, the front and back legs of the boll extractor resting on top of the gin stand. The entire north end of the boll extractor is composed of metal. Near the center of the north end of the

machine is an opening which, according to respondent's testimony, is somewhat triangular in shape and about eight or nine inches wide and about thirteen inches long. It was through this opening the plaintiff reached his hand at the time he lost his fingers. Respondent testified that there was nothing across the opening on the outside, but possibly a belt which went over the pulleys which operated the machine. A photograph was exhibited by appellants which was practically admitted as representing the machinery and where the holes and belts were, and it showed that a belt did run along the whole space of this opening near the bottom of it. The hole was left by the manufacturers of the machine for the purpose of taking out and putting in what are known as vibrator boards, which are placed directly behind the saws and under the brush pulley, which vibrators are for the purpose of separating the hulls from the saws. The hole in the north end of the screen or wire drum, in which the stick hung that plaintiff attempted to remove, was something like twelve inches from the revolving saw that injured the plaintiff.

"The evidence shows that two days before the injury the respondent discovered the hole in the screen and called the attention of one of the owners to it, who promised to fix it. On the night the respondent was working in the capacity of a ginner he heard a noise inside this boll extractor. Walking around to the north end of the machine and looking through the opening he saw a stick protruding through the hole in the screen or drum; he then reached in the north end of the extractor and attempted to pull the stick out of the hole in the drum while the machine was running. As he did that the stick which he had grasped struck something and threw his hand to the right for a distance of about twelve inches into the saws. The evidence of respondent shows that the motive power of this machine was electricity, which was turned off and on by means of a switch located some twenty or thirty feet away. It is shown that he could have stopped the machine to remove this stick by

turning off the switch or by throwing the belt. The appellants testified that the instructions given respondent were not to repair or attempt to repair the machine while it was running. This was not denied or affirmed by the respondent.

"The evidence of defendants tended to show that a stick such as plaintiff described in the boll extractor would have stopped the machine from operation. The plaintiff's testimony, however, was to the effect that the stick was in the hole in the screen, and the machine did not stop running when he undertook to take it out."

Respondents stated that only two points were raised upon the appeal. The first related to a question which is not before us. Respondents said: "The other and main contention made is that under the evidence in the case the plaintiff was guilty of negligence in law, and that the demurrer to the evidence offered by the defendants should have been sustained." Respondents then proceeded to discuss the evidence upon the alleged negligence of Petty and held that the question of his negligence was for the jury, and affirmed the judgment below.

I. As we understand relators' position, it is this: Assuming that relators were negligent in permitting a hole to be and remain in the screen after knowledge on their part of its presence and that this hole permitted the stick to protrude therefrom, the respond-

**Questions Not Discussed.** ents held that such negligence was the proximate cause of Petty's injury and, in so holding, respondents' opinion conflicts with controlling decisions of this court.

Respondents say: "The brief and argument of relators now inject a new contention by an insistence that the hole in the screen wall of the cylinder, as a matter of law, was not the proximate cause of the injury. This question was never presented to or passed on by respondents." They say that questions not considered by the Court of Appeals cannot be reviewed by the Supreme Court upon *certiorari,* and cite State ex rel. Shaw Trans-

fer Co. v. Trimble, 250 S. W. 384, and State ex rel. United Rys. Co. v. Allen, 240 S. W. 117. Other cases so holding could also be cited since this court has so ruled a number of times.

A study of the opinion fails to disclose any direct discussion or consideration by respondents of the question of proximate cause, which is vital to every action for damages caused through alleged negligence of another. If the rule announced in the cases cited by respondents and similar cases lays down a hard-and-fast rule controlling in all *certiorari* cases, regardless of the nature of the question, then, of course, we are not permitted to examine the conflict relators now assert, because respondents did not say anything about that question in their opinion.

In State ex rel. Shaw Transfer Co. v. Trimble, supra, relator was insisting that the ruling of the Court of Appeals in respect to an instruction upon measure of damages was in conflict with decisions of this court. In State ex rel. United Rys. Co. v. Allen, supra, rulings upon alleged conflicts and inconsistencies between instructions were urged as a basis for our interference. In both cases it was held that this court would not consider the questions, because they had not been considered or passed upon by the Court of Appeals. No case has been cited where we announced any such rule when the opinion of the Court of Appeals necessarily rested upon a finding or determination by said court, whether discussed or not, which must have been consistent with the opinion rendered or no judgment of the character rendered could have been legally rendered. In such a case the Court of Appeals must be held to have considered the question, whether it discussed such question or not, because such question is necessarily and unavoidably involved in the decision reached.

Respondents say in their opinion that relators (appellants there) were insisting that the demurrer to the evidence should have been sustained. From this we know that such an instruction was asked by relators

upon the trial and was there refused. Respondents say this in connection with their statement that the only question (outside of the admissibility of certain evidence) is whether plaintiff (Petty) was guilty of contributory negligence as a matter of law.

It is hornbook law that, no matter how free from negligence an injured person may be, he cannot recover damages for personal injuries because of the negligence of another, unless such negligence was the proximate cause of his injury. There can be no recovery in damages in such cases without evidence tending to show the facts of negligence and injury and that causal connection existed between such facts. This is true in master-and-servant cases, as well as in other negligence cases. The question of proximate cause lies at the root and foundation of negligence cases and is secondary only to the necessity of proving the fact of negligence of the defendant. Unless a plaintiff offers proof tending to show that the negligence of defendant was the proximate cause of his injury, he does not make a case for the jury. No authority need be cited in support of such self-evident proposition. It was absolutely impossible for respondents to have sustained the verdict below without deciding that the evidence made a case for the jury upon the question of proximate cause, where a demurrer to the evidence at the close of the case was interposed by the defendant, unless their opinion contravened controlling decisions of this court. Respondents do not say that relators failed to except to the refusal of their demurrer or failed to call such alleged error to the attention of the trial court in their motion for new trial or that relators waived the question upon appeal. Respondents merely ignored the question in their opinion.

The rule announced in the cases cited by respondents has no application to a case where the Court of Appeals remained silent upon vital questions in the case which that court necessarily must have decided in a manner consistent with the opinion rendered or the opinion itself cannot stand. The opinion here does not disclose a

situation in the record before the court making it unnecessary to consider and decide such vital question.

We therefore hold that respondents decided that the evidence tended to prove the negligence of relators and made a case for the jury upon the question of proximate cause between such negligence and Petty's injury and that we therefore have the right and duty to consider whether in so holding, upon the facts stated in the opinion, they contravened controlling decisions of this court. This we will next consider.

II.   The statement of the evidence in respondents' opinion shows that a stick protruded from the screen of the boll extractor through a hole which existed in the
Proximate   screen.  Relators had been notified of the
Cause.      existence of such hole and had sufficient time
to have repaired the screen before the injury to Petty.  We will, therefore, assume, for the purposes of this case, that relators were negligent in permitting the machine to be operated in that condition.

It does not follow, however, that such negligence was the proximate cause of the injury to Petty.  That, too, must appear from the evidence.  Van Bibber v. Swift & Co., 286 Mo. 317, is a very late case by the court en banc upon the question of the necessity of proving that the negligence of defendant must be the proximate cause of plaintiff's injury.  SMALL, C., there said: "The mere fact there is a negligent defect in an appliance furnished the servant by the master, does not make the master liable for the servant's injury; such defect must be the proximate or legal cause of the injury."  Then, quoting from Warner v. Ry. Co., 178 Mo. l. c. 133, 134, Judge SMALL said:  " 'In other words, the mere occurrence of negligence and injury does not make the defendant liable. There must be a direct connection between the negligent act and the injury, and the negligence must be the proximate cause of the injury.' "

Relators rely upon the Van Bibber case and the cases of Harrison v. Kansas City E. L. Co., 195 Mo. l. c.

623; Smith v. Forrester-Nace Box Co., 193 Mo. 715; George v. St. Louis Mfg. Co., 159 Mo. 333; Doerr v. Brewing Assn., 176 Mo. 556 and Nugent v. Milling Co., 131 Mo. 241, to establish the conflict of opinion contended for. Those cases recognize and follow the rule that the negligence must have been the proximate cause of the injury before there can be any recovery in damages.

In 29 Cyc. 492, it is said: "To constitute proximate cause creating liability for negligence the injury must have been the natural and probable consequence of the negligent act. It is the cause which naturally produces a given result. The negligence must be such that by the usual course of events it would result in injury unless independent moral agencies intervene in the particular injury." That statement fairly announces the rule adopted by this court.

The petition alleged that the hole in the screen permitted cotton and sticks to become lodged and interfere with the operation of the machine. The facts in evidence tend to show that such would have been the only natural or expected result from the existence of the hole in the screen. There is no proof that Petty was expected to remove cotton or sticks from the machine while it was in operation. Indeed, the uncontradicted testimony of relators was that the instructions given plaintiff were not to repair or attempt to repair the machine while it was running. But, of course, that testimony was for the jury, although uncontradicted. [Gannon v. Laclede Gas Light Co., 145 Mo. l. c. 516.]

Under the facts appearing in the opinion, the only result naturally to be expected from the assumed negligence of relators in permitting the hole to remain in the screen was the clogging or stopping of the machine or, at most, damage or injury to the mechanism of the machine. Petty could not have been injured by such negligence but for his voluntary act in extending his hand and arm into the machine in order to remove such stick while said machine was in operation. Such act on his part constituted an intervening efficient cause of the accident

and injury to himself. It makes no difference whether or not he exercised ordinary care in the performance of such act.. But for such independent intervening cause the injury to Petty would not have occurred. The negligence of relators in permitting the machine to be out of repair was not the direct or proximate cause of such injury.

In Doerr v. Brewing Association, supra, it was said: "Now, it is manifest beyond question, from the plaintiff's own evidence, that if he had kept his arm out of the shaft pit he could, with ordinary care, have gone on oiling this machine until doomsday, without suffering any injury from the eccentric movement of the engine."

With equal certainty we may say that Petty could have continued to operate the boll extractor indefinitely without any danger of injury to himself from relators' negligence had he kept his hand out of the moving machine.

By inferentially deciding that the evidence tends to prove that relators' negligence was the proximate cause of Petty's injuries, respondents' opinion conflicts with the Doerr case and other cases cited.

III. It is unnecessary to consider whether or not respondents' opinion, in explicitly holding that Petty was not guilty of contributory negligence as a matter of law, conflicts with the cases upon which relators rely. The conclusion that the negligence of relators was not the proximate cause of the injury precludes recovery by Petty, regardless of the question of his own negligence.

Contributory Negligence.

The opinion of respondents is in conflict with controlling decisions of this court and it is ordered that the opinion and that portion of the record containing the same be quashed.

All concur.