JAMES M. POWELL, SR. *v.* THOMAS MITCHELL

(No. 8676)

Submitted March 8, 1938. Decided March 22, 1938.

10

*Pinsky & Mahan,* for plaintiff in error.

*Edgar R. Minnich* and *W. C. Revercomb,* for defendant in error.

RILEY, JUDGE:

This is an action of trespass on the case instituted by James M. Powell, Sr., against Thomas Mitchell in the circuit court of Brooke County to recover damages for personal injuries sustained by the plaintiff while employed as a coal loader in a small mine operated by the defendant. To a $1,500.00 judgment, the defendant prosecutes error.

The plaintiff was injured shortly before noon, Monday, October 21, 1936, by a fall of stone from the roof at the face of the coal. The room in which he was working was 120′ long and 20′ wide. The vein was of uneven thickness, the ribs, at the face, being 2½ and 4½ feet, respectively. As to the condition of the room, the

evidence, at its best fragmentary and indefinite, is to the effect that, on Friday (the last working day prior to the date of the accident) there was a horseback, or roll, of stone, which started on the left hand side of the room and went quartering across in it, in the center or the middle of the room; that a portion, at least, of the horseback had come down and cut off a small amount of coal; and that there were eighteen or twenty inches of coal under the horseback.

Plaintiff testified that on Friday, the defendant, after being told, in response to an inquiry, that there ought to be coal back of the horseback, directed plaintiff to "go ahead with the room"; and that on the Monday following he went to the right corner of the room and sounded the ceiling before starting to work. He states, in effect, that at the time of his inspection, the break or clay vein from which the stone fell some three hours later was not noticeable; that the stone fell out of the roof at the face at the right hand corner, and not out of the horseback in the center of the room; that he could not tell the clay vein was there; that so far as he could judge, the ceiling on the right half of the room was safe; that the roof was posted up as far as possible; that the only thing a mine foreman could have done was to have sounded the ceiling, and that it was problematical whether he could have told anything more.

Mitchell testified that he had tested the ceiling in the right half of the room and found it safe. There is also testimony to the effect that plaintiff was warned by defendant on Friday to keep out from under the horseback (which was referred to as being in the center of the room) and not to cut into it, and that dynamite would be furnished on the next working day to shoot the rock down. The foregoing conversation, which was supposed to have been made in the presence of Ben Black, was testified to by the latter and denied by the plaintiff, who said that Black was not present at the time of defendant's visit.

The defendant, an employer within the meaning of the

Act (Code 1931, 23-2-1), not subscribing to the fund, cannot avail himself of the common law defenses, such as assumption of risk, the fellow-servant rule, or contributory negligence. *Barr* v. *Knotts,* 101 W. Va. 440, 443, 133 S. E. 114; *Louis* v. *Smith-McCormack Constr. Co.,* 80 W. Va. 159, 92 S. E. 249; *De Francesco* v. *Piney Mining Co.,* 76 W. Va. 756, 757, 86 S. E. 777.

Defendant, for grounds of reversal, contends that the plaintiff has failed to prove that the injury was the result of the negligence charged in the three counts of the declaration, and therefore that the trial court erred in overruling defendant's motion to strike the plaintiff's evidence, both at completion thereof, and at the end of the trial, and also in refusing to set aside the verdict of the jury.

The first count of the amended declaration charged as negligence that the defendant, not regarding his duty, did not use proper care for the safety of the plaintiff while engaged and working in the mine, and did not operate said mine with reasonable safety and ordinary care as he could and might have done, so that the plaintiff could work therein with reasonable safety in the employment of said defendant, but said defendant wholly neglected so to do, and wrongfully and negligently permitted large stone, slate and earth to hang loosely in and about said coal mine and in and about the roof of the same at the point where the said plaintiff was working for the defendant, and then and there wrongfully and negligently failed to provide the said coal mine and roofing thereof with sufficient props and stays to keep the stone, slate, and earth that hung loosely in and about said roof from falling in and on said plaintiff, and as a result thereof, plaintiff was injured.

The alleged failure to supply props finds no support whatever in the evidence, and is indirectly negatived by plaintiff's own testimony to the effect that everything was posted up just as close as could be. And, as to the large stone, slate and earth, which the declaration alleged was negligently permitted to hang loosely in and about the

mine, the plaintiff testified, in effect, as heretofore noted, that he went to work in the right corner of the room Monday morning; that the roof seemed solid; that he had been working approximately three hours when a rock came from the roof at the face of the coal. There is nothing to connect the rock or rocks which fell with the loose rock which made up the horseback in the center of the room. "An employer whose business comes within the purview of the Workmen's Compensation Act, and who does not take advantage of the immunity, is not liable for an injury sustained by an employee in the course of his employment in the absence of negligence on the part of the former which is the proximate cause of the injury." Pt. 1, Syllabus, *Laas* v. *Lubic*, 101 W. Va. 546, 133 S. E. 142. Concordant: *Zinn* v. *Cabot*, 88 W. Va. 118, 106 S. E. 427; *Laas* v. *Lubic*, 105 W. Va. 513, 144 S. E. 225; *De Francesco* v. *Piney Mining Co., supra.*

The second and third counts aver, among other things, that though the defendant employed five or more persons in and about the mine in a period of twenty-four hours, that he did not employ a competent and practical inside overseer called a mine foreman, as required by Code, 22-2-47. It is charged in the second count that by reason of defendant's not employing a mine foreman, the mine became a dangerous place in which to work; and, in the third, that although the defendant assumed the duties of mine foreman, he failed to make the daily inspections, as required by Code, 22-2-53.

Code 1931, 22-2-47, requiring the appointment of a mine foreman, reads in part as follows:

> "In every coal mine where five or more persons are employed in a period of twenty-four hours, the operator or agent shall employ a competent and practical inside overseer, to be called mine foreman, who shall be a citizen and resident of this State, having had at least five years' experience in the working, ventilation and drainage of coal mines, and who shall hold a certificate of competency for such position, issued to him by the department of mines, after

taking an examination held by the department of mines under its rules and regulations."

As to the employment of five men, plaintiff relies upon the testimony of his brother-in-law, Riley Stout. On direct examination, Stout testified that, besides himself, there were employed by the defendant, James Powell, Benny Black, Pete Wyszatyski and "a fellow by the name of Baines or something like that who was putting down coal." On cross-examination, Stout was asked: "Mr. Stout, you say there were employed by Mr. Mitchell, James Powell, Benny Black, Pete Wyszatyski, who was the other man?", and he answered: "His son, Billy Wyszatyski, a young like boy." The evidence is not clear whether Billy Wyszatyski was regularly employed, though it must be said that at least for irregular intervals he was employed in doing work outside the mine. It also appears from the testimony of Riley Stout that he (Stout) had not worked for several days prior to the date of the alleged injury, that he was not working on that day, and that he did not work for some time thereafter.

The defendant, in his brief, challenges the applicability of the foregoing statute to the case made for the reason (among others) that the fifth employee, Billy Wyszatyski, if he may be classed as such, was not employed for work in the mine, but at odd jobs on the outside, one of which was taking down coal at the foot of the hill. The policy of the statute is to insure the health and safety of those engaged in the hazardous business of mining coal, within the mine itself. Billy Wyszatyski, therefore, not being within the purview of the statute, could not be considered in determining whether the number of employees was such as to require the employment of a foreman.

Plaintiff's contention that Stout's statement on direct examination, about "a fellow by the name of Baines or something like that who was putting down coal" shows five employees, in addition to Billy Wyszatyski, is with-

out merit, as the cross-examination, heretofore quoted, clearly indicates.

In addition to the foregoing, the proof fails to establish negligence under the allegations of the second and third counts of the declaration because the evidence is clear from Powell's own testimony which, on this point, stands without contradiction, that when he entered the room on the day of the accident, that the room appeared to him to be safe; and that Powell, himself an experienced miner, was unable to discover any defect in the ceiling which would indicate danger. That being so, even if the defendant had employed a competent foreman as contemplated by the provisions of the statute, and that foreman had, on the day the injury was incurred, made a careful inspection, the inspection would have disclosed nothing, and therefore, under the second and third counts of the declaration, according to Powell's own testimony, there was no actionable negligence. In this state, it is well settled that the negligent violation of a statutory duty is not actionable unless it was the proximate cause of the injury complained of. Code 1931, 55-7-9; 4 Thompson, Law of Negligence, section 3827; *Norman* v. *Coal Co.*, 68 W. Va. 405, 408, 69 S. E. 857, 31 L. R. A. (N. S.) 504; *Dickinson* v. *Stuart Colliery Co.*, 71 W. Va. 325, 328, 76 S. E. 654, 43 L. R. A. (N. S.) 335.

A careful review of the record fails to disclose that the claimed dangerous condition of the room was a proximate cause of the injuries. The evidence is clear that the horseback was in the center of the room, and that Powell, according to his own testimony, was injured by rock from a clay vein in another part of the room. Under no view of the evidence can it be said that the claimed negligence of the defendant was the proximate cause of the plaintiff's injuries. That being so, for this reason alone, the evidence fails to establish any liability on the part of the defendant under counts two and three of the declaration.

The evidence, viewed in the light most favorable to the plaintiff, does not disclose that defendant was guilty

of any negligence which proximately resulted in the plaintiff's injuries. It follows the verdict is without substantial evidentiary basis, and the trial court erred in refusing to set it aside.

Therefore, the judgment is reversed, the verdict set aside and a new trial granted.

*Judgment reversed; verdict set aside; new trial awarded.*