**PEYATTE**

v.

**INTERNATIONAL HARVESTER CO.**

No. 6645.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 21, 1953.

Decided Nov. 5, 1953.

---

Jackson D. Altizer, Charleston, W. Va. (Emerson W. Salisbury, W. C. Haythe and Chester Lovett, Charleston, W. Va., on the brief), for appellant.

Sam Silverstein, Charleston, W. Va. (Philip Angel, Charleston, W. Va., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and WILKIN, District Judge.

DOBIE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Southern District of West Virginia in a civil action for damages sustained by an employee allegedly within the scope of his employment. The original complaint of plaintiff was twice amended and supplemented, to all of which complaints defendant answered and filed a motion for a judgment on the pleadings. Briefs were submitted and oral arguments heard in open court on this motion. The District Court granted defendant's motion on the ground that the acts of negligence, if any, as alleged against the defendant, were not the proximate cause of plaintiff's injury. Plaintiff has appealed to us.

In order for the appellant to make out his case in the District Court, it was necessary for him to allege both the primary negligence of the defendant-employer and the fact that this negligence was the proximate cause of appellant's injury. For this Court it is only necessary that we decide the second question since we agree with the District Court that the pleadings do not show that the alleged negligence of the employer was the proximate cause of the injury.

International Harvester Company, the defendant below, (hereinafter referred to as appellee), is engaged in the business of manufacturing and selling machinery, appliances and farm equipment, including light tractors known as "cub-tractors". Madison Peyatte, appellant, was employed by appellee to deliver farm equipment, including cub-tractors, from appellee's Charleston branch office to the homes of purchasers by transporting cub-tractors in automotive transportation trucks, owned and operated by the appellee for that purpose.

On September 28, 1951, the appellant was engaged in delivering a cub-tractor

from the Charleston branch office to the home of a purchaser. After arriving at his destination, it was necessary for appellant to attach a runway extending from the rear of his transporting truck to the ground in order to complete the process of unloading and delivery. At the time of this delivery, and while appellant was driving the tractor down the runway, the runway became disengaged from the transporting truck and one of the wheels of the cub-tractor slipped off the runway, causing the tractor to become partly suspended in mid-air.

It was alleged in the complaint that previous experience had taught the appellant that the runway was defective, and that he needed assistance in unloading tractors which slipped from the runway because of this defect. It was also alleged that appellant had warned appellee of this condition and had asked that it be corrected but that appellee had refused to heed the warning or grant the request for assistance. The complaint further alleged that it was the duty of appellee to provide reasonably safe equipment for the transportation and delivery of the cub-tractor and to furnish sufficient and adequate helpers for such delivery.

Appellant was not injured when part of the tractor slipped off the runway and he reached the ground unharmed. He contends, however, that the existing situation caused grave and immediate danger to both the property of the appellee and to the lives and limbs of passers-by, and that it especially endangered small children who, to the appellant's positive knowledge, frequently played in and around the neighborhood. Because of this, no willing adult bystander being available, plaintiff made an effort to lift the cub-tractor back onto the runway. In so doing, it appears from the complaint that he was seriously injured in and about his back, thereby incapacitating him from further performance of his usual gainful occupation.

It is important to note, at this point, despite plaintiff's allegations of danger to passers-by and children in the neighborhood, that it was admitted by appellant in the oral argument on the motion that after the tractor slipped from the runway, and before appellant tried to lift the tractor, neither he nor anyone else was under or near the tractor who could have been injured had it fallen.

It is admitted that appellee was an employer within the meaning of Chapter 23, Article 2, Section 8 of West Virginia's Workmen's Compensation Act and had elected not to pay into the fund. Defendant was, therefore, not entitled in this action to the common law defenses of the assumption of risk and contributory negligence. Under West Virginia law, however, it was nevertheless incumbent upon appellant to show that the alleged negligence of appellee was the proximate cause of the injury sustained by appellant. Ferguson v. Pinson, 131 W.Va. 691, 50 S.E.2d 476; Powell v. Mitchell, 120 W.Va. 9, 196 S.E. 153; Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65.

The basis of appellant's complaint is that he acted because of the grave and immediate danger to the property of his employer and to the passers-by and children in the immediate vicinity of the tractor. In other words, he would not have attempted to lift the tractor, except for the grave danger present. Appellant relies upon a series of railroad cases to sustain his position that such grave danger is held to be the proximate cause of an injury to an employee who attempts to remedy the situation. New York, Chicago & St. Louis Railway Co. v. Affolder, 8 Cir., 174 F.2d 486; New York Central Railway Co. v. Brown, 6 Cir., 63 F.2d 657; Trinity & B. V. Ry. Co. v. Elgin, 56 Tex.Civ.App. 573, 121 S.W. 577; Schwartz v. Shull, 45 W.Va. 405, 31 S.E. 914. In these and related cases, however, there was no question of the grave danger which was imminent in the situation caused by the employer's negligence. Thus, the act of the employee was justified in averting the peril and did not constitute the sole, intervening, proximate cause of employee's injury. The present situation is distinguishable upon the admission of employee that there was no

**264**

one under or near the tractor who could have been injured by its fall.

Appellant also seeks support from Chicago, Minneapolis, St. Paul & Pacific Ry. Co. v. Goldhammer, 8 Cir., 79 F.2d 272, wherein an employee received a back injury while attempting to lift a defective coupler knuckle back into position on a railroad car. The distinction, though, seems patent between attempting to lift a 65 pound knuckle and in volunteering singlehandedly, to lift a tractor. There is also a clear difference in the nature and imminence of the peril to be averted.

Rather, we think this case comes closer within the compass of De Francesco v. Piney Mining Co., 76 W.Va. 756, 86 S.E. 777, wherein the court held that an employee's act, commonly known to be dangerous and which intervened between the negligence of employer and the injury to employee, where no imminent danger was present, relieved employer of liability even though the employer had rejected the defenses of contributory negligence and assumption of risk by failing to take the benefit of the Workmen's Compensation Act. See, also, State ex rel. Boeving v. Cox, 310 Mo. 367, 276 S. W. 869.

 We believe the pleadings in this case clearly indicate that employee undertook an act which was commonly known to be dangerous; that such act was not necessitated by any imminent danger to passers-by or children in the immediate vicinity; and that in so acting the employee set in motion the sole effective cause which brought about his injury. In other words, the proximate cause of appellant's injury was his own negligence and not the alleged negligence of appellee. Under such circumstances, an employee would be entitled to no recovery from his employer.

Appellant's conduct here was not a "normal response" in the face of a known danger. He was completely safe when he deliberately undertook to lift the tractor —a task which he knew he could not do without actual peril to himself.

 Where an employee attempts at some hazard to himself to do something for the supposed protection of his employer's property without any real necessity for so doing, or because under all the circumstances the employee's act was rash and beyond the call of duty to his employer, such act itself becomes the proximate cause of the injury and the employer is not liable. Louisville & Nashville Railway Co. v. Napier, 223 Ky. 417, 3 S.W.2d 1070, 64 A.L.R. 513; Chattanooga Light & Power Co. v. Hodges, 109 Tenn. 331, 70 S.W. 616, 60 L.R.A. 459, 97 Am.St.Rep. 844; Maltbie v. Belden, 167 N.Y. 307, 60 N.E. 645, 54 L.R.A. 52; Pegram v. Seaboard Air Line R. Co., 139 N.C. 303, 51 S.E. 975.

We, therefore, think the District Court was correct in granting defendant's motion for judgment on the pleadings. The judgment below is, accordingly, affirmed.

Affirmed.